Nov. Term, 1837.

CUNNINGHAM
v.
GWINN.

4b 341
149 157

CUNNINGHAM *v.* GWINN.

Although a note given in part payment of certain real estate, be due before the time appointed for the execution of the deed, yet, if suit on the note be not commenced until after the time when the deed was to be executed, the de-

CUNNINGHAM
v.
GWINN.

fendant may plead in bar that the plaintiff did not, on the day fixed by the contract for the purpose, execute or offer to execute the deed.

If a title-bond be executed in such case bearing the same date with the note, they constitute one contract, and the note is subject to the same defence as if it showed, on its face, the consideration for which it was given.

*Monday,*
*November 27.*

APPEAL from the *Morgan* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit, commenced in *September*, 1836, by *Gwinn*, assignee of *Giles Mitchell*, against *Cunningham*, upon a written promise, dated the 30th of *May*, 1835. The writing is for the delivery of 3,000 gallons of whiskey, at the promiser's distillery, to *Giles Mitchell* or order, on or before the first of *March* next after the date. This writing was assigned to *Gwinn*, the plaintiff below. The defendant pleaded non assumpsit, and several pleas in bar. Issues to the country were joined on all the pleas but the last two, which are the fifth and sixth.

The fifth plea states, that on the 30th of *May*, 1835, the assignor of the plaintiff sold the defendant two certain tracts of land, and gave him a title-bond for the same; that the condition of the bond is, that the assignor of the plaintiff should make or cause to be made to the defendant a good deed in fee-simple for the land, as soon as the defendant should pay for it agreeably to the obligations for the amount, given by him to the assignor of the plaintiff, of the same date with the bond; and also that the assignor of the plaintiff should, in the mean time, keep the defendant in possession of the premises and of the distillery thereon. The plea then avers, that the writing mentioned in the declaration was given in consideration of the land thus purchased; that the assignor of the plaintiff had not then, nor has he yet, a good title to the land, nor has he conveyed the same, or caused it to be conveyed to the defendant, nor has he or any other person offered to convey it.

The sixth plea is, in substance, the same with the fifth.

To these pleas, the plaintiff, after obtaining *oyer* of the title-bond and condition, replied as follows:—That before the time of the promise declared on, the title to the land was in *James Mitchell;* that he verbally authorised the assignor of the plaintiff to sell the same to the defendant, which was accordingly done, the defendant knowing the title to be in *James Mitchell;* that the title-bond was executed by the assignor of the plaintiff, in his own name, at the defendant's request, and the writ-

ing in question taken in part payment, with another note for 1,000 gallons of whiskey, payable on the first of *June* then next following; that *James Mitchell* has since ratified the contract, and has always, since the purchase, had a good title to the land, and is able and willing to convey it to the defendant, and the plaintiff is able and willing to cause him so to convey it, as soon as the note sued on, and the other note mentioned in this replication, are satisfied; of which the defendant had notice.

There was a demurrer to this replication, and judgment for the plaintiff. The issues of fact were submitted to the Court, and the plaintiff obtained a judgment.

The objection which the defendant makes to the replication is, that it does not state that the assignor of the plaintiff had ever made or caused to be made a good title for the land to the defendant, or offered to do so. The plaintiff, in answer to this objection, says, that two notes were given in payment of the land, one of which was not due until long after the note sued on was payable; and that, therefore, as the deed was not to be executed until the purchase-money was paid, the note sued on is an independent promise. It appears to us, that the defendant's objection is not well answered. The note sued on was due on the first of *March*, 1836, and the other note was due on the first of *June* then next following. The suit was not commenced until *September*, 1836. If the plaintiff had brought his suit on the note first due, before the time fixed for the execution of the deed, he might have recovered without a previous execution of the deed or an offer to execute it. *Leonard* v. *Bates, May* term, 1822. But he did not do so. He thought proper to wait until after the time when the title was to be made agreeably to the contract, before he sued on the note which was previously due. It was then too late for him to treat that note as an independent contract.

We consider that the fifth and sixth pleas are valid. They state the note sued on to have been given in consideration of the land, and that, on payment of it, the deed was to be made. They then aver that no deed was made or offered to be made. This defence is sufficient according to the case of *Leonard* v. *Bates* and the authorities there cited. If the assignor of the plaintiff failed, on the day, to perform or offer to perform his part of the contract, and could show no legal excuse for the

Nov. Term, failure, the purchase-money cannot and ought not to be reco-
1837. vered. *Bank of Columbia* v. *Hagner*, 1 Peters' Rep. 455. It

REAGAN is not necessary to the validity of the defence in this cause,
v. that the note should, on its face, show the consideration for
MAZE. which it was given. The title-bond and the notes for the pay-
ment are of the same date and make one contract. *Hunt* v.
*Livermore*, 5 Pick. Rep. 395.

*Per Curiam.*—The judgment is reversed, and the proceed-
ings subsequent to the sixth plea set aside, with costs. Cause
remanded, &c.

C. P. *Hester*, for the appellant.

P. *Sweetser*, for the appellee.