## Case No. 15,413.

### UNITED STATES v. HUDSON et al.

[3 McLean, 156.] [1]

Circuit Court, D. Indiana. May, 1843.

CLAIMS DUE UNITED STATES — AGENTS FOR COLLECTION—DISCRETION TO COMPROMISE— ACQUISITION OF LANDS.

1. The agent, whose duty it is to enforce legally the claims of the United States against delinquents, may, for the benefit of the government, exercise a reasonable discretion in the management and compromise of suits.

2. This necessarily results from the nature of the duties to be performed.

3. The executive, without authority of law, cannot go into the market and purchase and sell land.

4. But it may compromise doubtful claims, and in the best possible mode secure the interests of the government

5. Lands so acquired by it, may be sold and conveyed.

At law.

Mr. Cushing. U. S. Dist. Atty.
Wright & Patterson. for defendants.

OPINION OF THE COURT. This action is founded on a note given by the defendants [Hudson and Edridge] to the plaintiffs, on a sale of certain lands conveyed to them in discharge of a debt due to them by Israel T. Canby. The pleas set up the facts which constituted the original transaction between the government and the late receiver Canby, and that the land sold by the government was purchased by it from the said Canby, without authority of law, and consequently that the contract is not binding on the defendants, as no valid title has been tendered. or can be made, &c. To this plea the plaintiffs filed a demurrer.

It may be admitted that the executive cannot purchase and dispose of land, without authority of law. Treaties are made with Indians, by which their right to the soil is extinguished, and the land, then, is authorized to be sold by act of congress. Special and limited powers are conferred for the accomplishment of these objects. And as no such powers were conferred in the case under consideration, it is contended that the whole proceeding in regard to the lands purchased by the defendants was void. The agency of the solicitor in the collection of debts due to the government is limited only, by the exercise of a judicious discretion. Where he considers it to be to the interest of the United States, he may, in the progress of a suit, give reasonable indulgence. And where a demand is considered doubtful, from the inability of the debtor to make payment, the solicitor may take security for the money, and give time for the payment of it. Such a contract would be good at common law. and in no sense opposed to the policy of

---

[1] [Reported by Hon. John McLean. Circuit Justice.]

the law. On the contrary, it would be sanctioned by a sound policy. Such a power must necessarily exist in every superintending agency for the legal enforcement of the public claims. In the 8th volume of the Laws United States (page 345) are provisions which sustain this view. The cases of Leonard v. Bates, 1 Blackf. 172, and Cunningham v. Gwinn, 4 Blackf. 341, are relied on to show that a defect of title or an inability to make a good title, may be set up in an action for the consideration; and that when the deed is to be made, on the payment of the money, it should be tendered or at least be ready for delivery.

The land having been purchased by Canby, from the government, with the public funds, which caused his defalcation, he relinquished the same to the government as an act of justice, which was accepted by way of compromise; and the land was sold to the defendants through a special agency, and the note given on which this action is brought. We see no defect of power in the officers of the government to make this arrangement. A similar power has more or less been exercised since the foundation of the government. In the nature of things, the title of the defendant, which the government will make, will be indisputable. No adverse claim can in any way arise, by which the validity of the title can be questioned. The demurrer to the special plea is sustained. Judgment.