IN THE

## SUPREME COURT OF JUDICATURE

·  · OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1845, IN THE THIRTIETH
YEAR OF THE STATE.

---

## MILLER and Another *v.* WHITE and Another.

Parol evidence is not admissible to show that a promissory note payable on its
face on a certain day, was to be paid at that time only on a contingency
mentioned in a written contract between the parties made before the execu-
tion of the note.

ERROR to the *Henry* Circuit Court.

*Monday,*
*November 24.*

DEWEY, J.—Assumpsit before a justice of the ·peace, taken
by appeal to the Circuit Court. The cause of action was a
promissory note made by the defendants, and dated 20th
*April*, 1837, by which they promised to pay the plaintiffs a
certain sum, twelve months after date, for hats purchased of
them. Plea, general issue, by virtue of the statute. The
cause was tried by the Court. Judgment for the defendants.

On the trial, the plaintiffs read the note in evidence and
rested their cause. The defendants gave in evidence a bill of
hats purchased by them of the plaintiffs on the 27th *January*,
.1836, which was balanced by a bill of goods sold to the plain-

---

NOTE.—Judge *Sullivan* was absent until the 10th day of the term, in conse-
quence of indisposition.

Nov. Term,
1845.

Miller
v.
White.

tiffs, and by a note made by the defendants to the plaintiffs, payable one year after date. To this bill of hats was appended the following memorandum signed by the plaintiffs: "It is understood between us, that all hats of our manufacturing that are not sold at the expiration of the year, are not to be paid for until sold." The defendants also proved that the note credited on the bill of hats had been paid by them; that, subsequently, several other lots of hats had been left with them by the plaintiffs to be sold on the same terms, for which notes had been given in the same way, and had been paid; that when the hats for which the note in question was given, were purchased by the defendants, they paid a part of the price in merchandize, and gave the note for the balance; that when these hats were delivered, the defendants asked the plaintiffs, if they were to be delivered on the contract theretofore subsisting between the parties, to which the plaintiffs answered in the affirmative; and that a part of the last lot of hats remained unsold by the defendants, which, together with the unsold portion of former lots of hats, amounted in value to more than the note on which the action is founded. This evidence was all objected to by the plaintiffs but the objection was overruled.

We cannot sustain the judgment of the Circuit Court. We think the evidence given by the defendants was inadmissible. Its object was to show that the note in question was not payable in one year according to its purport; but that the obligation to pay it at that time depended upon a contingency expressed in another written contract, made between the parties more than a year before the date of the note. Had the note itself contained a reference to that contract, both might have been viewed as one contract, and been construed together. But to suffer a connexion between them to be established by parol evidence, would be a violation of the rule, that such evidence is not admissible to change or explain a written contract. This rule is familiar, and we have frequently acted upon it.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. S. Newman,* for the plaintiffs.

*R. M. Cooper,* for the defendants.