## MAY and Another *v.* COLE.

If several promissory notes, payable at different times, be given for the purchase-money of land sold to the maker by commissioners under an order of the Probate Court; and, on payment in full of the purchase-money, the purchaser is to be entitled to a conveyance; a suit brought on the notes after they have all become due will not lie, if there have been no offer to execute the conveyance on payment, at the same time, of the purchase-money.

And if a suit will not lie on the notes, it will not lie on a writing obligatory for the payment of interest on them if they should not be punctually paid.

ERROR to the *Jefferson* Circuit Court.

BLACKFORD, J.—This was an action of debt commenced in *September*, 1844, by *Jesse Cole* against *Richard M. Salyers* and *Richard A. May*. The suit, as stated in the declaration, was founded on five promissory notes, and a writing obligatory. The promissory notes were dated on the 9th of *March*, 1839, and were payable to the plaintiff by the description of agent and guardian for the widow and heirs of *George S. Salyers*, deceased. The first was payable in one year, the second in two years, the third in three years, the fourth in four years, and the fifth in five years, from the date. The writing obligatory was dated on the 27th of *June*, 1840, and was for the payment to the plaintiff of ten *per cent.* interest on certain notes, if they should not be punctually paid when due. *Nil debent* was pleaded to the whole declaration, and the plaintiff added the *similiter*. There are other pleas which it is not necessary to notice. The cause was submitted to the Court and judgment rendered for the plaintiff. The record contains all the evidence. The facts necessary to be stated are as follows:

The promissory notes sued on were given for the whole amount of the purchase-money for certain land of the estate

of said *George S. Salyers*, deceased, sold to the defendant, *Richard M. Salyers*, by commissioners appointed for the purpose by the Probate Court of *Jefferson* county. The order for the sale of the land was made on the petition of the plaintiff, *Cole*, as guardian of the infant heirs of said *George S. Salyers*, deceased. The notes mentioned in the writing obligatory are the promissory notes described in the declaration. The said order of the Court, so far as regards the terms of the sale of the land, is as follows: "And it is further ordered, that said commissioners, or such of them as shall make such sale, shall make out and deliver to the purchaser a certificate particularly stating the time of sale, the amount paid, and the amount remaining due; and that on payment in full of the purchase-money, he will be entitled to a deed of conveyance for the said premises, provided the said sale be confirmed by this Court; and that in case the said sale should be set aside, then he will be entitled to a return of the amount paid. And it is further ordered, that the said commissioners make report of their doings in the premises, and deposit the avails of the sale in this Court at the next term." The commissioners who, by virtue of said order, sold the land, made a report of their proceedings to the Probate Court. That report concludes as follows: "And the said commissioners, in pursuance of the said order, &c., gave to the said *Richard M. Salyers* and to the said *Jeremiah Salyers* (to whom other land had been sold) each a certificate, and received from each their several bonds for the purchase-money as directed by said order; which said bonds the said commissioners have here in Court." This report of the commissioners was approved and confirmed.

Upon these facts the question raised is, whether the plaintiff could recover in the suit without having offered to execute a deed for the land to the purchaser on his payment, at the same time, of the purchase-money; and we think he could not.

According to the contract, such an offer as aforesaid to make a deed was necessary before a suit could be sustained on the note which last fell due. *Henton* v. *Beeler*, 7 Blackf. 150. As all the promissory notes given for the land had become due when the suit on them was commenced, they all

stand on the same footing as to the question we are consider- Nov. Term,
ing, and such a tender of a deed as would have been required 1847.
to be proved, had the suit been brought on the promissory
note alone which last fell due, was essential to a recovery in
this suit, founded on all the promissory notes. *Cunningham*
v. *Gwinn*, 4 Blackf. 341. There was no offer, absolute or
conditional, to make a deed to the purchaser for the land, and
the suit on the promissory notes was not, therefore, sustain-
able.

The plaintiff not being entitled to recover on the promis-
sory notes, it follows, of course, that a suit will not lie on the
writing obligatory, which was for the payment of interest on
those notes.

*Per Curiam.*—The judgment is reversed with costs. Cause
remanded, &c.

*M. G. Bright*, for the plaintiffs.
*J. G. Marshall*, for the defendant.