Smith, J.
— “ We think this instruction was wrong. The English rule was, and still appears to be, that corporations aggregate cannot enter into contracts of an important nature, except under the corn-man seal. Arnold v. The Mayor of Poole, 4 Man. & Grang. 860. Hut in this country it is well established that the contracts of corporations rest upon the same footing as those of natural persons, and are valid, without seal, whether expressly made by the corporation, or arising, by implication, from the general relations of the agent towards the corporation, or from the ratification of acts done on behalf of the corporation by parties assuming to act as agents, although without sufficient authority. Story on Agency, § 52 — 53. See also cases cited in a note appended to the case of The Mayor of Ludlow v. Charlton, 6 M. & W. 824, Am. Ed. The same doctrine, indeed, was recognized by this Court in the case of Richardson v. The St. Joseph Iron Co., 5 Blackf. 146. It may also be considered as settled, that municipal corporations are responsible to the same extent, and in tire same manner as natural persons, for injuries occasioned by the negligence or unskilfulness of their agents, in the construction of works for the benefit of the cities or towns under their govern-inent. McCombs v. The Town Council of Akron, 15 Ohio R. 474; City of New York v. Baily, 2 Denio 433. The last cited case was an action against the city of New York, for negligence in constructing the darn across the Croton river, where ’that stream is diverted for the purpose of supplying the city of New York with water, in so unskilful a manner, that on the occasion, of a freshet in the river oc-curling after its erection, the dam was swept away, and the plaintiff’s buildings and property, situated below, on the stream, carried off and destroyed by the water which had accummulated. The dam had been constructed by water commissioners over whom the city had no control, but it was beld that the corporation was liable, on the ground that the dam was its property, and that such corporation *100 was legally bound to see that its property was not used by any one, so as to become noxious to the occupiers of property in the vicinity.
“ In the present case, there was some evidence adduced from the records of the corporation, tending to prove that the latter had ratified the construction of the culvert in question, by making allowances for the payment of the persons by whom it had been built; and if the parol evidence of an authority given to a committee of the council to contract with those persons had been properly rejected, we think it should have been left to the jury to determine whether the record evidence admitted, was or was not sufficient to raise the implication that the work was done under the authority of the corporation.
“ But if, owing to the imperfect and careless manner in which the records were kept, there was no written evidence in existence, to prove clearly that the work was done by the authority ot the council, the plaintiff had a right to prove that fact by parol testimony. We think, therefore, the verbal evidence offered by him should have been admitted.”
Judgment reversed, &c.