## Hook for the Use of Meek v. Nebeker and Others.

If several promissory notes, payable at different times, be given for the purchase-money of land sold to the maker, and it is stipulated that, on payment in full, the purchaser is to have a conveyance of the land, a suit on the notes, after they have all become due, will not lie, unless there has been a conditional tender of a deed for the land.

ERROR to the *Fountain* Circuit Court.

<span style="margin-left:auto">Saturday, December 23.</span>

Perkins, J.—Assumpsit upon a promissory note. Plea, that the note was given for a part of the purchase-money of a tract of land for which a bond for a deed was given at the time of the purchase, &c.; that the purchase-money was all due; that no deed had been, in any manner, tendered, and that none could be made, &c. Oyer of the bond and condition was obtained, and the plea demurred to; demurrer overruled; final judgment for the defendants.

The bond given on oyer was in the usual form. The

Nov. Term,
1848.

Hook
v.
Nebeker.

condition recited that the plaintiff, and another since deceased, had sold the defendants a tract of land for a certain sum of money, to be paid, 200 dollars in hand, 965 dollars and 49 cents by the 1st of *April* then next, and the remainder in annual payments of 500 dollars each. It then stated: "Now should the said *Richard M. Nebeker, George Nebeker,* and *John Adamson,*" [the defendants in this suit] "pay the said several sums of money as above stipulated; and the said *Arthur* and *Israel,*" [the obligors in the bond] "their heirs, executors, or administrators, should make or cause to be made to the said *Richard M., George,* and *John,*" &c., a good deed, &c., then, &c. The plaintiff contends that the obligations of the parties to each other in the premises are independent, and that either may be enforced irrespective of the performance, or offer of performance, of the other. We think the making of the deed and the payment of the last instalment of the purchase-money, concurrent obligations, and that, as the purchase-money is all due, no suit can be maintained for any part of it, without showing a conditional tender of a deed for the land. See *May* v. *Cole,* 8 Blackf. 479, and cases cited; and *Cox* v. *Hazard,* 7 id. 408. We think the fair constructive meaning of the language quoted from the bond, is, "that if the obligees shall make full payment of the purchase-money according to contract, and the obligors, upon their doing so, shall make them a deed, &c., the bond shall be void, &c." (1).

*Per Curiam.*—The judgment is affirmed with costs.

*W. H. Mallory,* for the plaintiff.

*D. Brier,* for the defendants.

(1) If several promissory notes, payable at different times, be given for the purchase-money of land sold to the maker by the commissioners under an order of the Probate Court; and, on payment in full of the purchase-money, the purchaser is to be entitled to a conveyance; a suit brought on the notes after they have all become due will not lie, if there have been no offer to execute the conveyance on payment, at the same time, of the purchase-money.—*May et. al.* v. *Cole,* 8 Blackf. 479.