Coe v. Smith, Administrator of Sweetser.

In the case of a special contract, one party cannot, by a part performance only on his part, sue on such contract and recover for the part he has performed.

ERROR to the *Marion* Circuit Court.

Perkins, J.—Debt, by *Smith*, administrator upon the estate of *Philip Sweetser*, deceased, against *Isaac Coe*, upon the following instrument, the declaration containing no common count.

"I promise to pay *Philip Sweetser*, or order, 500 dollars, to be paid, one-third in one, one-third in two, and one-third in three years from this date, value received, *Dec.* 16, 1842.                    , *Isaac Coe*, (Seal)."

The defendant pleaded three pleas, which were substantially alike, and stated "that before and at the time of the execution of said writing obligatory, it was agreed, by and between the said defendant and the said *Sweetser*, that the said *Sweetser* should be employed for the said defendant, as an attorney and counselor at law, to advise and defend the defendant, to a final decision and determination, against all actions brought, or to be brought, in the *Marion* Circuit Court, against the said defendant, or against the said defendant and others, by the state of *Indiana*, for the supposed liability of said defendant to the state, growing out of, or connected with, the sale and the transfer of the bonds of the state of *Indiana;* and that, in consideration of said employment, and that said *Sweetser* would faithfully comply with said agreement, said defendant executed to said *Sweetser* said writing obligatory, and for no other consideration what-

ever; and the defendant avers that the state of *Indiana* did bring two actions at law in the *Marion* Circuit Court, against said defendant for said supposed liabilities, to-wit, one against the defendant as sole defendant, and one against said defendant and the *Morris Canal and Banking Co.*, which actions are still pending, undecided, and undetermined; and the defendant further avers that the said *Philip Sweetser* did not perform his said contract and agreement, which alone was the consideration for the execution of said writing obligatory, but, on the contrary thereof, heretofore, to-wit, on the 1st day of *April*, 1843, at the county and circuit aforesaid, died, leaving said actions pending and undecided; and the said defendant avers that he was compelled to, and actually did, employ counsel to defend him in said actions, in lieu of said *Sweetser;* wherefore he says that the consideration of said writing obligatory has wholly failed," &c.

To each of the three pleas there was a replication, that the consideration had not wholly failed in manner and form, &c. There were issues upon these replications. Trial by jury; verdict for plaintiff for 250 dollars; new trial denied, and judgment on the verdict.

The evidence as to the express contract alleged in the plea, is as follows:

" *Calvin Fletcher*, a witness, stated that he was present at the time the note in controversy was executed—that a similar note, for the same amount, was given, at the same time, to himself and Mr. *Butler*, and a like note, for the same amount, was given, at the same time, to Mr. *Marshall*, by Dr. *Coe*. The consideration of each of the notes was, that the person to whom it was given, should, as an attorney and counselor at law, defend Dr. *Coe* against the state, in any suits that might be brought against him, by the state, individually, or with others, for supposed liabilities growing out of his acts as fund commissioner, or in the sale of state bonds. The state had previously examined the matter in the legislature." The witness further says: " I considered it a usual employment, as an attorney and counselor, to defend the Doc-

tor in that matter. There was nothing expressed or talked about, as to how long a time we were to defend him." It was also proved that two suits were brought in the *Marion* Circuit Court against Dr. *Coe*—that they were pending, undetermined, in *April*, 1843, when Mr. *Sweetser* died; and that another attorney was employed by Dr. *Coe* to take his place.

The Court gave this instruction to the jury:

"If you believe, from the evidence, that the consideration of the note upon which this suit is brought was the employment of *Philip Sweetser* as an attorney to defend the defendant in any suits that might be brought against him for any act as fund commissioner, or for or on account of the sale of state bonds, and that *Sweetser* died before the causes were disposed of which he was employed to attend to, the plaintiff cannot recover the full amount of the note—but if you believe, from the evidence, that *Sweetser* did perform services for the defendant in and about the causes for the defence of which this note was given, you should give the plaintiff a verdict for the amount that the services are proved to have been worth, that he did perform before his death."

Exceptions were taken, &c.

The plaintiff in error claims that, as his pleas were proved, he was entitled to judgment upon the issues upon them, whether they were good or bad; but we shall not find it necessary to inquire as to this. The Court below, in the instructions given, concede the existence of an express contract upon which the note in suit was executed, and we think, rightly. It was not given for a mere retaining fee, nor upon an employment generally as to all business, or in certain particular cases, without reference to the period or amount of service for which the sum specified was to be received as compensation. It was for defending *Coe* "against the state in any suits that might be brought against him" by her in relation to a particular matter, and was for the whole consideration for such defence. No additional fee was to be given. The stipulation for the 500 dollars was a single entire contract. The

Court so regarded it in the instruction copied. The witness below so understood it, for Judge *Morrison*, the only one testifying to the value of the services, said: "considering the agreement to be that *Sweetser* was to have 500 dollars for his whole service in the defence of Dr. *Coe*," he thought 250 dollars a fair proportion for those rendered, and as such a contract the jury must have acted upon it. It is not claimed that the payee of the note, Mr. *Sweetser*, fulfilled the terms of the contract on which the note was given, having been prevented, not by the defendant below, but by his own decease, which occurred in *April*, 1843, several months before the first instalment became due; and the only question in the case, therefore, is, were the terms of the contract to be complied with on the part of *Sweetser*, a condition precedent to his right to enforce a compliance on the part of *Coe*, the defendant below? for if so, there could not be a recovery of any amount on this note. This point of law, however technical or unreasonable it may seem, is too well established to be disregarded. *Milness* v. *Vanhorn*, 8 Blackf. 198.—*Lomax* v. *Bailey*, 7 id. 599.—*Hoagland et al.* v. *Moore*, 2 id. 167.—*Alcorn* v. *Harmonson*, id. 235.—*Cranmer* v. *Graham*, 1 id. 406.—*Leonard* v. *Bates*, id. 172.—*Stark* v. *Parker*, 2 Pick. 267.—*Moses* v. *Stevens*, id. 332.—*Willington* v. *West Boylston*, 4 id. 101.—*Ellis* v. *Hamlin*, 3 Taunt. 52 (1). The fact that the failure of compliance on the part of *Sweetser* was occasioned by the act of God makes no difference. Chitt. on Cont. 734. We think a performance of his part of the contract, by *Sweetser*, was a condition precedent to his right to demand payment from *Coe*. We understand that contract in this way: *Coe* was threatened with suits by the state on account of his transactions as fund commissioner. He did not know exactly when they would be commenced, but they might be immediately, and probably would be soon. He went to *Sweetser* and informed him of the facts, and that he wished to employ him as a lawyer to defend those suits to their final termination whenever they should be brought; and, in consideration of his doing so, agreed to give him 500 dollars, in

one, two, and three years. *Sweetser*, on his part, agreed
to make the defence. Now, it might so turn out that the
whole sum of 500 dollars would become payable before
*Sweetser* would have any services to perform; and it
might so happen that the entire services would be re-
quired before the first instalment would fall due. But in
either event, we think *Sweetser's* undertaking was that he
would, at all times forward, from the making of the
agreement, be ready to perform, and when called on,
would perform, the stipulated service. This was the con-
dition precedent to his receiving the 500 dollars. He did
not so hold himself in readiness to, and did not so per-
form when called on. He broke the agreement on his
part, and cannot, therefore, sue *Coe* on the counter part
of it. Suppose a man employed to labor for a year for
100 dollars, payable quarterly; or to build a house of
specified dimensions for 1,000 dollars payable in instal-
ments, and to commence when called on; and suppose
him to quit the service before the expiration of the first
quarter, or to abandon the building of the house before
the first instalment is payable, and then, at the end of the
quarter, or at the coming due of the first instalment, to
sue on the contract to recover for what work he might
have done, could he recover? How does the case before
us differ in principle? The fact that a note was given in
this case will not change the rule of decision, the terms
of the contract being all disclosed in the pleas. Again:
a man sells a piece of land, gives a written promise for
a deed on the payment of the last instalment of the pur-
chase-money, takes notes for said purchase-money, pay-
able in one, two, and three years, waits till all the notes
are due and then sues on the first, or on all the notes
without having tendered a deed, can he recover anything?
That he cannot is decided in *Cunningham* v. *Gwinn*, 4
Blackf. 341.—*Cox* v. *Hazard*, 7 id. 408.—*May* v. *Cole*, 8
id. 479, and *Hook* v. *Nebeker*, at the present term of this
Court (2). In the case last supposed, the first two notes
are independent obligations until the third one becomes due,
but after that, they are treated in this state, as, at least,

Nov. Term,
1848.

Coe
v.
Smith.

concurrent, and we think rightly so; we think such a rule " seems best calculated for the mutual security of the parties and the prevention of a multiplicity of law suits."

Had Mr. *Sweetser* continued in the defence of the suits against *Coe* till their final termination, he would formally have fulfilled his express agreement and could then have sued—the services rendered being retained by *Coe*—for his stipulated compensation; but in that event, had these services been negligently performed, contrary to the implied contract included in the express one, *Coe* could, perhaps, though as to this we decide nothing, have set up such negligence by way of failure, or partial failure, as the fact might be, of consideration for his promise to pay. See *Hawk* v. *Pollard*, 6 Blackf. 108.

We may remark that we have nothing to do, in this suit, with the question of *Coe's* liability on a *quantum meruit* for the service that *Sweetser* may have rendered him. We only here decide that there can be no recovery on the express contract.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*O. H. Smith*, for the plaintiff.

*W. Quarles* and *J. H. Bradley*, for the defendant

(1) Where *A.* agreed to work for *B.* for a year for 120 dollars, but before the expiration of the year voluntarily left *B.'s* service without any fault on the part of *B.* and against his consent, it was held that the contract was entire ; that *A.* must perform the whole year's service as a condition precedent to his right to recover anything under the contract; and that he could not renounce the contract and recover on a *quantum meruit.—Starke* v. *Parker*, 2 Pick. 267.

Where an infant made a special agreement to labor for a certain time for certain wages, and, before the time expired, left the service of his employer voluntarily and without any fault on the part of his employer, it was held that he might, nevertheless, recover on a *quantum meruit* for the services performed. But it seems that if the employer is injured by the sudden termination of the contract without notice, a deduction should be .made on that account.—*Moses* v. *Stevens*, 2 id. 332.—*McMillan* v. *Vanderlip*, 12 Johns. 165.—*Thorp* v. *White*, 13 id. 53.—*Reab* v. *Moor*, 19 id. 337.

(2) See *ante*, p. 257.