Nov. Term,
1853.
——
DUNLAP
v.
JONES.

---

### DUNLAP *v.* JONES.

A judgment, where the cause is tried by the Court, can be set aside only on the same preponderance of evidence that would invalidate a verdict.

Where the record does not profess to set out all the evidence, its insufficiency to support the judgment cannot be assigned for error.

ERROR to the *Clark* Circuit Court.

DAVISON, J.—*Jones* sued *Dunlap* in covenant. The declaration sets forth a contract sealed by the parties, whereby *Dunlap*, in consideration of 200 dollars, agreed with *Jones* to construct for him a dwelling-house, in a workmanlike manner. The payment of the money is averred and certain breaches specifically assigned. Plea, performance, with an agreement that all special matter should be admissible under it. The cause was submitted to the Court by consent. The Court found for the plaintiff below. Motion for a new trial overruled. Judgment on the finding of the Court.

Whether the proof was sufficient to sustain the finding of the Court is the only question presented by the record.

The judgment, where the cause is tried by the Court " can be set aside only on the same preponderance of

Saturday,
December 31.

Nov. Term, 1853.

evidence that would invalidate a verdict." 4 Blackf. 311.— 5 *id.* 108.—6 *id.* 507. But the record does not profess to set out all the evidence given on the trial. Therefore its insufficiency to support the judgment cannot be assigned for error. 5 Blackf. 146.—8 *id.* 196. However, from what is set out, the right of *Jones* to recover is sufficiently shown.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*H. F. Smith*, for the plaintiff.

*W. T. Otto*, for the defendant.