Doe on the demise of CONDICT and Others *v.* HERR and Another.

May Term,
1856.

| 8 | 23 |
|140|375|

DOE
v.
HERR.

On an appeal to this Court, the record of the Court below must not only show all the evidence, but it must appear that a motion for a new trial was made and overruled.

APPEAL from the *Warrick* Circuit Court.

STUART, J.—Ejectment under the old practice. Trial by the Court, and finding of not guilty. The lessors of the plaintiff appeal.

*Saturday, May 31.*

A bill of exceptions purports to set out all the evidence in the cause; but there was no motion for a new trial.

We are inclined to think the record presents no question for our consideration. Simply excepting to the opinion of the Court in finding for the defendant, and setting out the evidence, does not, under either the old or new practice, present the case in Court on its merits. The practice has invariably been to move for a new trial on written cause filed. This gave the Court an opportunity to rescind its ruling. If the motion was sustained, an appeal to this Court was thus readily superseded; if overruled, then the evidence was made part of the record, and the appeal taken from that opinion overruling the motion for a new trial. The record must not only show all the evidence, but it must appear that a motion for a new trial was made and overruled. *Richardson* v. *The St. Joseph Iron Company*, 5 Blackf. 146.

It may not be improper to add, that before this technical defect was discovered, the case had been considered and passed upon, and the Court unanimously sustained the judgment of the Court below. But in the state of the record, any discussion of the merits would be merely judicial dicta.

*Per Curiam.*—The judgment is affirmed with costs.

*C. Baker*, for the appellant.

*J. G. Jones* and *J. E. Blythe*, for the appellees.