*J. Harrison,* for the appellant.

May Term,
1860.

O'DONALD
v.
THE EVANS-
VILLE, &C.,
RAILRO'D CO.

---

O'DONALD *v.* THE EVANSVILLE, INDIANAPOLIS, AND CLEVE-
LAND STRAIGHT LINE RAILROAD COMPANY.

Where the name of the plaintiffs is such as might be probably adopted by a corporation, and the complaint does not show that they are not a corporation, they will be presumed to be a corporation with capacity to sue.

A defense setting up false representations, but not showing who made them, is bad.

A promissory note given for a conditional subscription of stock, is a waiver of the condition.

Such a note given some time after the date of the subscription, cannot be viewed as a part of the contract of subscription.

APPEAL from the *Greene* Circuit Court.

HANNA, J.—Suit by appellee against appellant, on a promissory note. Demurrer to complaint overruled. It is insisted that in this ruling there was error, because the complaint did not contain an averment that the plaintiffs were an incorporated company. The objection is not well taken. It did not appear on the face of the complaint that the plaintiffs were not a corporation, or had not capacity to sue, and for the purposes of the suit they should be intended to be a corporation, the name being such as might be probably adopted. 3 Harrison, 105.—1 Duer, 708.—*Richardson* v. *The St. Joseph Iron Company,* 5 Blackf. 146.—4 *id.* 267.

*Saturday,
June 2.*

The defendant answered—

1. That the note did not belong, &c, to the plaintiffs.

2. That the consideration had failed, because the note was given in lieu of a conditional subscription of stock, &c.; that it was falsely, &c., represented to defendant, at the time the note was executed, that the condition had been complied with, &c.

May Term,
1860.

Reply to the first, and demurrer sustained to the second, paragraph of the answer. Trial by the Court, and judgment for the plaintiffs.

Without inquiring any farther, it appears to us the second paragraph was not a good defense, because it did not show who made the false representations set up. It is not alleged that they were made by any person in a position to speak for the plaintiffs, nor that the defendant was thereby induced to execute said note. If he voluntarily executed the note, he would thereby waive the condition and become absolutely bound, unless the note and subscription are to be viewed as parts of but one contract. This, we think, could not be the correct view of the case at bar. The date of the subscription is not given, but enough is stated to show that it was before the execution of the note. The execution of the note may, therefore, be regarded as a waiver of the condition, for it is a promise to pay absolutely, and not upon a contingency, and being made sometime after the subscription, it cannot, in the form it is pleaded, be regarded as a part thereof. *Miller* v. *White*, 7 Blackf. 491.

*Per Curiam.*—The judgment is affirmed with 3 per cent. damages and costs.

*J. N. Evans*, for the appellant.

*W. Mack, H. C. Hill, D. McDonald* and *A. G. Porter*, for the appellees.