Root, by next Friend, *v.* Burton, Sheriff, *et al.*

No. 13,174.

ROOT, BY NEXT FRIEND, *v.* BURTON, SHERIFF, ET AL.

JUDGMENT.—*Agreement of Parties.*—*Supreme Court.*—*Appeal.*—Where a judgment is taken, which is a specific lien on certain real estate, in pursuance of an agreement that no order of sale shall issue until an appeal pending in the Supreme Court from another judgment against the defendant shall be disposed of, and that the judgment first named shall be annulled in the event of a decision favorable to the defendant, on the merits of the cause appealed, but shall otherwise be collectible; and where afterwards such appeal is dismissed, without further agreement as to the judgment unappealed from, there is nothing in the original agreement which will prevent the collection of that judgment by the sale of the real estate upon which it is a lien.

From the Pulaski Circuit Court.

*D. Turpie, N. L. Agnew, B. Borders* and *W. A. Van Buren,* for appellant.

*J. C. Nye* and *R. A. Nye,* for appellees.

MITCHELL, J.—On the 25th day of February, 1884, there was an action pending in the Pulaski Circuit Court, by means of which Harriet Barnett, as plaintiff, was seeking to enforce a lien for taxes against certain lands then owned by Kate H. Root, who was a party defendant to the pending suit. Issues having been duly joined, judgment was rendered in favor of the plaintiff, by agreement, for $355.32, which judgment it was agreed should constitute a lien upon, and be enforceable against, the lands described in the complaint.

It appears that another judgment, involving the validity of other tax claims, had been rendered in the same court against Mrs. Root in favor of the same party, and that an appeal had been taken therefrom to this court, where the cause was pending at the date above mentioned. As part of the agreement, in pursuance of which the judgment first above mentioned was rendered, it was stipulated that no order of sale should issue on the second judgment until the pending

appeal from the judgment first taken had been determined. It was further stipulated that if the cause appealed should be decided on its merits in favor of the appellant, Kate H. Root, then the judgment last taken should be null and void, and not collectible; but in the event the decision should be against Mrs. Root, then the judgment should be collectible by legal process.

The agreement was duly spread upon the order-book of the court, and the decree which followed directed the judgment to be enforced according to the "conditions and stipulations agreed upon."

Afterwards, on the 23d day of September, 1885, Mrs. Root paid Mrs. Barnett $128, about half the amount of the judgment first rendered, and appealed from, and in consideration of the sum paid, the pending appeal was dismissed by mutual agreement. It was further agreed that the judgment should be assigned to Harry Bennett Root, the appellant in this case. No mention was made of the judgment last taken, and still remaining in the Pulaski Circuit Court, or of the agreement first above referred to, when the appeal was dismissed.

Subsequently an order of sale was duly issued upon the judgment last rendered, and placed in the hands of John S. Burton, sheriff of Pulaski county, directing him to make the amount of the judgment, taken in pursuance of the above mentioned agreement, by a sale of the land described in the decree.

The appellant, having succeeded to the ownership of the land by the death of his mother, brought this suit by his next friend to enjoin the sale. A demurrer was sustained to the complaint, and this ruling presents the only question for decision in the case.

It is contended in favor of a reversal of the ruling below, that by the terms of the agreement which became part of the decree, the collectibility of the judgment, now sought to be enjoined, was dependent upon a condition precedent, viz., a

·decision of the pending appeal against the judgment defendant. It is said, in effect, that at the time the condition was agreed upon, the event upon which the judgment was to become enforceable, viz., the decision of this court in favor of the appellee, was possible and practicable, and that the subsequent dismissal of the appeal at the request and with the consent of the appellee, upon a consideration paid by the appellant, in that case, rendered the event impossible. The conclusion is said to follow that the collection of the judgment can not now be enforced.

We can not adopt this view. The reasoning in appellant's behalf leads to the opposite conclusion. To begin with, the plaintiff took an unconditional judgment by agreement for $355.32, which was declared to be a specific lien upon certain real estate described. One of the necessary legal qualities of a judgment or decree is, that it is collectible and enforceable by execution, or by a sale of the property upon which the judgment is declared to be a specific lien. Unless an execution or order of sale is stayed, as the law provides, or by mutual agreement, it goes as a matter of course upon the filing of a *præcipe*. By mutual stipulation, the order of sale, in the decree last taken, was to be withheld until the determination of a certain appeal taken by the defendant, Kate H. Root. Presumably the agreement to delay was for her benefit. It saved her the necessity of another appeal. The present judgment was to become null and void and not collectible in the event the decision upon the merits in the case appealed was favorable to Mrs. Root. Until that event happens the judgment manifestly continues operative and in force. Accepting as sound the proposition that if one for whose benefit a condition has been annexed to a contract, voluntarily waives the condition, or renders it impossible of performance, the parties are thenceforth remitted to their rights as they stood without the condition, and the conclusion follows, logically and inevitably, that, by voluntarily

dismissing her appeal, Mrs. Root waived the stipulation or condition annexed to the decree, by making it impossible for the contingency ever to happen upon which the nullification of the judgment taken against her depended. The appeal can never be decided on its merits in favor of Mrs. Root, because she has dismissed it, and the time has expired within which another appeal can be taken. The solution of the matter must, therefore, be found in holding that the dismissal of the appeal, which could only be done by Mrs. Root, waived all the conditional features annexed to the judgment, and placed the parties in the same situation as if the decree had been originally unaccompanied by any agreement. *Tanner* v. *Smith,* 10 Sim. 410.

The agreement in pursuance of which the judgment was to become null and void, on condition that the pending appeal should be decided in favor of the appellant, must be considered as having been abandoned by mutual consent. *Evansville, etc., R. R. Co.* v. *Dunn,* 17 Ind. 603; *Byrne* v. *Rising Sun Insurance Co.,* 20 Ind. 103; *O'Donald* v. *Evansville, etc., R. R. Co.,* 14 Ind. 259; *Rush* v. *Rush,* 40 Ind. 83.

Of course, upon the assumption that the stipulation which accompanied the judgment was such that in order to render the decree enforceable, a decision favorable to the appellee in the case appealed was essential, the conclusion contended for by the appellee would follow. But the situation was exactly the reverse. It was necessary, in order that the judgment might become void and uncollectible, that the appellant should prosecute the pending appeal to a favorable result. When she failed in that, or voluntarily did that which made it impossible for her to succeed, the judgment became collectible and enforceable, *ex proprio vigore*. *Padgett* v. *State,* 93 Ind. 396.

The operative and essential part of the agreement annexed to the judgment was, that proceedings should be stayed thereon until the pending appeal in the other case was determined, and that a decision favorable to the appellant

should nullify the judgment then taken. So much of the stipulation as recited that the judgment should become collectible in case of a decision adverse to the appellant, was, in legal effect, mere surplusage. A failure to render the judgment invalid and uncollectible, left it necessarily collectible.

The judgment is affirmed, with costs.

Filed May 28, 1888; petition for a rehearing overruled Sept. 20, 1888.