CANBY v. INGERSOL.

If a party having covenanted to perform certain work, has performed it but not agreeably to the covenant, the person for whom it was done may, either expressly or impliedly, render himself liable in assumpsit for the work done.

The special agreement in such case is admissible evidence for the plaintiff, to prove the value of the services rendered.

ERROR to the *Marion* Circuit Court.

DEWEY, J.—Assumpsit for work and labour. Plea, the general issue. Judgment for the plaintiff.

The parties made an agreement under seal, by which *Ingersol*, the plaintiff below, agreed to dig certain mill-races for *Canby*, the defendant below, in a particular manner and by a specified time; and the latter agreed to pay him therefor a designated price. The work was commenced and a part of it performed, under the contract, by the time specified; a considerable portion of it, however, remained undone at that period, but was finished afterwards, with the approbation of *Canby* and agreeably to his instructions. He erected his mill upon the works, and has used them ever since. The Court instructed the jury, that it was for them to say whether, under the circumstances, *Canby* had so far waived or abandoned his rights under the special contract, as to render himself liable upon an implied promise to pay *Ingersol* a reasonable compensation for his labour. This charge was excepted to.

We see no error in it. The law is, that when a party has made a covenant to do work, or perform any thing else, and has done or performed it, but not agreeably to the covenant, the party who has received the benefit of the other's labour or performance, may, either expressly or impliedly, render himself liable in assumpsit; and it is the province of the jury to judge whether he has done so or not. This point was fully considered and settled in the case of *Sinard* v. *Patterson*, 3 Blackf. 353.

May Term, 1838.

Doe
v.
Himelick.

Exception was also taken to the admission in evidence of the special agreement. It appears by the record, that it was introduced by the plaintiff below, and admitted by the Court, only for the purpose of proving the value of the services rendered. Though it certainly was not legal evidence to sustain the action, we know of no objection to it as testimony of the value of the work that had been done for the defendant, which would not equally apply to his opinion on that subject expressed in any other manner. We think the evidence was correctly admitted for the limited purpose stated.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs.

*C. Fletcher, O. Butler,* and *W. Quarles,* for the plaintiff.

*H. Brown,* for the defendant.