<span>LOMAX v. BAILEY.</span>

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Smith* and *S. Yandes*, for the appellant.

*W. Quarles* and *J. H. Bradley*, for the appellee.

---

LOMAX <i>v.</i> BAILEY.

7b 599<br>158 483

Where two pleas are substantially the same, one of them should be rejected on the plaintiff's motion.

A demurrer to a plea assigning for cause that the plea is double, without showing in what the duplicity consists, is a general demurrer.

Where one party to a special entire contract has not complied with its terms, but, professing to act under it, has done for, or delivered to, the other party something of value to him which he has accepted, no action will lie on that contract for the work done or thing delivered; but the party who has been thus benefited by the labour or property of the other, will be responsible on an implied promise, arising from the circumstances, to the extent of the value received by him.

APPEAL from the *La Porte* Circuit Court.                    <span>*Friday, January 2, 1846.*</span>

D̦EWEY, J.—*Bailey* sued *Lomax*, and another against whom process was returned "not found," in covenant. The declaration alleges that, on, &c., it was mutually agreed between the parties, that the defendants should furnish the plaintiff with materials necessary for making and painting one hundred winnowing machines, on the plan of *Lomax's* patent, and that the plaintiff should make and paint, in a neat and workmanlike manner, on the plan of *Lomax's* patent, one hundred of said machines, and deliver them to the defendants, so soon as three mechanics by reasonable labour could complete them; and that the defendants should pay to the plaintiff three dollars per machine, provided it should take him but two days of faithful labour to make a machine, but if it required a longer time, then the price to be proportionably increased; the payment to be made out of the proceeds of the first sale of the machines by the defendants, and as soon as a reasonable time for selling the same should have

elapsed, after their completion. The declaration further alleges that the plaintiff finished fifty machines in a neat and workmanlike manner, according to the designated plan, so soon as they could be made by three mechanics; that although he was always ready to complete the residue of the machines according to the contract, the defendants failed to furnish the materials necessary for that purpose, though requested so to do, whereby the plaintiff was unable to make the other fifty machines or any of them; that, on, &c., he delivered to the defendants the fifty finished machines, which they received and accepted; that to finish each machine required three days of faithful labour, making the aggregate price of the fifty machines 225 dollars. The breach assigned is, that although a year had elapsed after the delivery of the machines, and although the defendants had a reasonable time to make the money by the sale of them, and although the money had been long due to the plaintiff, the defendants, though requested to pay, had entirely failed to do so.

The defendant, *Lomax*, pleaded eight pleas, two of which were properly rejected on the motion of the plaintiff, because they were substantially the same as the fifth plea. The other pleas (except the fifth, which led to an issue of fact) were demurred to, and the demurrers sustained. Verdict and judgment for the plaintiff.

The fourth plea is the only one necessary to be noticed in reference to the demurrers, as the others were clearly bad, and involved no question of importance. The fourth plea was, that at the time the plaintiff ceased working at the machines after finishing fifty, he had on hand good materials, furnished by the defendants, sufficient for making ten more machines; and that the defendants were at all times ready to furnish the materials for the whole hundred machines, and to receive and pay for them according to the contract, if the plaintiff would perform his covenant, of which he had notice; but he did not and would not perform his covenant in this, that he did not make the fifty machines which were delivered in a neat and workmanlike manner, nor would he so make the residue. The demurrer to this plea assigned for cause that it "was double," without showing in what the duplicity consisted.

The first question presented is, whether the demurrer is special or general?

Nov. Term, 1845.

LOMAX
v.
BAILEY.

We consider it to be a general demurrer. The cause assigned is not sufficiently explicit. It should have particularized the duplicity complained of; not having done so, it stands as a general demurrer. *Lamplugh* v. *Shortridge*, Com. R. 115.—1 Saund. 160, n. 1.—*Id.* 337, n. 3.

The next question is, does the plea constitute a substantial legal defence to the action?

The contract described in the declaration is an entire executory contract. The whole consideration of the defendants' promise to pay, was the performance by the plaintiff of the work which he engaged to do, to wit, the making and painting one hundred winnowing machines in the stipulated manner, so soon as they could be completed by three mechanics. The performance of this work, or a legal excuse for non-performance, was in the nature of a condition precedent to the plaintiff's right of action. The declaration accordingly avers performance in part, and an excuse for not performing the residue; it alleges that the plaintiff finished fifty machines in the manner required by the contract, and that he was prevented from making the other fifty by the failure of the defendants to furnish the necessary materials. The plea negatives both of these averments; and it must be a valid defence to the action, unless the fact that the defendants received fifty machines (which is averred by the declaration and admitted by the plea) varies the case. We do not see how it can have that effect. The averment that these fifty machines were made in the manner stipulated by the contract, and the averment that the defendants failed to furnish the materials for the other fifty, still stand contradicted; and the demurrer admits the contradiction to be true. The case presented is one of an entire contract, in which the entire performance on the part of the plaintiff constitutes the whole consideration of the defendants' promise, and in which an entire performance, or what is equivalent to it, is admitted not to have taken place. The condition precedent has not been performed, nor its performance excused. So far the case is plain. The plea is a good bar, and the demurrer to it should

have been overruled. This must reverse the judgment of the Circuit Court.

But for the purpose of meeting a question which arose from certain instructions which were given, and from others which were refused, on the trial of the issue formed on the fifth plea, we will proceed and view the fourth plea as if it were the same as the fifth, which was, that the fifty machines which were delivered were not made in a neat and workmanlike manner.

This view of the case admits the existence of the excuse alleged by the plaintiff for not making fifty of the machines which he contracted to make, and it admits that the defendants accepted fifty machines different from and inferior to those called for by the contract. It in fact presents a case in which neither party has complied with his contract. And the question is whether, under the circumstances, this action can be supported on that contract. If it can, it will follow, that, had the defendants furnished the materials for the whole hundred machines, and the plaintiff had finished that number but not in the manner in which he contracted to finish them, and the defendants had accepted them, the plaintiff could have maintained an action and recovered the contract price, whatever might have been the real value of the machines. And it must also follow, for aught that we can see, that he might have sustained a suit on the contract without at all adhering to its terms in his averments as to the manner of finishing the machines. It would only be necessary for him to allege that he made one hundred machines, and that the defendants accepted them. To sustain this principle would be not to enforce the contract made by the parties, but to make one for them. Besides, if it be true, that making and delivering machines, inferior to those prescribed by the contract, can be such a performance of the covenant of the plaintiff as to entitle him to sustain an action for the stipulated price, it must be also true, that such making and delivery would constitute a good defence to an action by the present defendants against him for not making them according to the contract. Such, we think, cannot be the effect of the acceptance by the defendants of the machines in this case. We conceive it to be necessary for the plaintiff to maintain his

action, to allege and prove that the machines which he delivered were made in the manner stipulated in the contract; and that the acceptance of them by the defendants does not estop them from denying that fact, and proving the contrary.

Questions like the present have given rise in this country and in *England* to decisions, which it is difficult, if not impossible, to reconcile. But no Court, we believe, has professedly repudiated the doctrine, that, in declaring on a special entire contract, in which the performance of something by one party constituted the whole consideration of the promise of the other party, there must be an averment of entire performance shown by the party seeking a remedy, or an excuse for not performing. And so long as this doctrine is preserved, we are unable to perceive on what legal ground (technical perhaps it may be) this action can be sustained, if the fifty machines which were accepted by the defendants were different from, and inferior to, those for which they contracted. The authorities bearing on this subject are very numerous. It would be useless to review them in detail. The principle which they establish is this, that when one party to a special entire contract has not complied with its terms, but professing to act under it, has done for, or delivered to, the other party something of value to him which he has accepted, no action will lie on that contract for the work done or thing delivered; but that the party, who has been thus benefited by the labour or property of the other, shall be responsible on an implied promise arising from the circumstances, to the extent of the value received by him. Thus the rules of pleading in regard to special contracts are preserved, and no injustice is done. The following authorities support this position, and the more particular views which we have taken of the subject. 1 Chitt. Pl. 325.—1 Saund. 320, n. 4.—*Cook* v. *Jennings*, 7 T. R. 377.—*Littler* v. *Holland*, 3 T. R. 590.—*Shipton* v. *Casson*, 5 B. & C. 382.—*Oxendale* v. *Wetherell*, 9 B. & C. 386.—*Sinclair* v. *Bowles*, *Id.* 92.—*Cooke* v. *Munstone*, 1 N. R. 351.—*Parmeter* v. *Burrell*, 3 C. & P. 144.—Bull. N. P. 139. —*Osgood* v. *Groning*, 2 Campb. 466.—*Lucas* v. *Godwin*, 3 Bingh. N. C. 737.—*Sinard* v. *Patterson*, 3 Blackf. 353, and note.—*Linningdale* v. *Livingston*, 10 Johns. 36.—*Canby* v. *Ingersol*, 4 Blackf. 493.

Nov. Term, 1845.

LOMAX
v.
BAILEY.

Most of the cases cited by the appellee have reference to goods or articles furnished to order by merchants or manufacturers, or to goods sold by sample. In these cases, no doubt, the rule is, that if the purchaser do not return the goods or article within a reasonable time after he discovers they do not conform to the order or sample, but keeps them, he affirms the contract, and in the absence of fraud or a warranty, is liable for the contract price. But there is this important distinction, to name no other, between those cases and the present one. In them, the purchaser can rescind the contract, and by returning the thing purchased place the parties *in statu quo*. Here the defendants could not place themselves in that situation. By refusing to receive and keep the machines, they would have left the materials furnished by them in the plaintiff's hands, and the contract would have remained open. The cases alluded to, therefore, are not applicable to this cause.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. W. Chapman* and *J. S. Newman*, for the appellant.

*J.* and *J. H. Bradley*, for the appellee.