## MILNES *v.* VANHORN.

Debt. The declaration alleged that, on, &c., a writing obligatory was made be-
tween the parties, by which the plaintiff agreed to put up for the defendant
"a steam-engine in good working order, and to run or cause to run the same
for one week, and then to leave it in good working order;" for which the de-
fendant agreed to pay the plaintiff 350 dollars, &c.; that the defendant should
board and lodge the workmen of the plaintiff while they were engaged in
erecting the engine; and that the defendant should pay the plaintiff 2 dollars
and 50 cents a day for every workman who should be thrown out of employ-
ment, in consequence of the defendant's not having ready the millwright and
mason work necessary for the reception and completion of the engine. Aver-
ment, that the plaintiff, within a reasonable time, put up and finished the en-
gine in good working order, and immediately started it, and ran it three
days, when, at the request of the defendant, who was satisfied with the three
days' trial, he left it in his possession in good working order; that after the
plaintiff commenced putting up the engine, two of his workmen were com-
pelled to be idle for twenty-two days, in consequence of the defendant's not
having his millwright and mason work ready for the completion of the engine,
for which the plaintiff claimed 110 dollars; that the defendant had not paid the
350 dollars, &c., and the 110 dollars, &c.

Held, that the claim was divisible; that the count, so far as concerned the claim
of 350 dollars, was bad; and that the rest was good. Held, also, that a de-
murrer to the whole count could not be sustained. Held, also, that the plain-
tiff was not without remedy for a fair compensation for putting up and
running the engine, if the facts stated in the declaration were true.

Tuesday,
November 24.

ERROR to the *Steuben* Circuit Court.

DEWEY, J.—Debt. The declaration alleges that, on, &c.,
a writing obligatory was made between the parties, by which
the plaintiff agreed to put up for the defendant "a steam-
engine in good working order, and to run or cause to run
the same for one week, and then to leave it in good working
order;" for which the defendant agreed to pay the plaintiff
350 dollars—150 dollars when the engine should be started,
and 200 dollars in three months thereafter with interest;
that it was further agreed, that the defendant should board
and lodge the workmen of the plaintiff while they were en-
gaged in erecting the engine; and that the defendant should

pay the plaintiff 2 dollars and 50 cents a day for every workman who should be thrown out of employment, in consequence of the defendant's not having ready the millwright and mason work necessary for the reception and completion of the engine. The declaration then avers that the plaintiff, within a reasonable time, put up and finished the engine in good working order, and immediately started it, and ran it three days, when, at the request of the defendant, who was satisfied with the three days' trial, he left it in his possession in good working order; that after the plaintiff commenced putting up the engine, two of his workmen were compelled to be idle for twenty-two days, in consequence of the defendant's not having his millwright and mason work ready for the completion of the engine, for which the plaintiff claims 110 dollars. The breach of the contract assigned is the non-payment of 350 dollars for erecting and running the engine, and of the 110 dollars for the workmen thrown out of employment.

The defendant, having had *oyer* of the writing obligatory (which was correctly set out in the declaration), demurred generally. The Court sustained the demurrer, and rendered final judgment for the defendant.

We do not think the decision of the Court can be sustained. The plaintiff's claim is clearly divisible. He demands two distinct sums for the alleged breach of different covenants—350 dollars for putting up and running the engine, and 110 dollars on account of his workmen whose labour was suspended by the fault of the defendant. The plaintiff's right to recover the first sum depends upon his having performed a precedent condition, or having shown an excuse for its non-performance. The condition was that he should put up, and run for one week, a steam-engine in good working order. He does not pretend that he performed the entire condition, but he alleges as an excuse for not running the engine a week, that the defendant, after three days' trial, discharged him, by parol, from the rest of the time, and accepted the engine. This is no excuse in law, because the specialty, on which the claim is founded, cannot be discharged or varied by parol. *Woodruff* v. *Dobbins*, 7 Blackf. 582. Nor did the acceptance of the engine by the defendant ena-

Nov. Term,
1846.

ble the plaintiff to recover for a breach of the contract. *Lo-max* v. *Bailey*, 7 Blackf. 599. The declaration, therefore, so far as the claim to the 350 dollars for putting up and running the engine is concerned, is bad. But the rest of it is good. The defendant's promise to pay 2 dollars and 50 cents a day, for each workman thrown out of employment by his fault, is an independent covenant, and its breach is well assigned. When a single count, making a divisible claim, is good in part and bad in part, a demurrer to the whole count does not lie; but the plaintiff is entitled to recover for so much as is well demanded. The demurrer should have been overruled. *Powdick* v. *Lyon*, 11 East, 565.—*Duffield* v. *Scott*, 3 T. R. 374.—*Amory* v. *Brodrick*, 5 B. & Ald. 712.—*Adams* v. *Willoughby*, 6 Johns. 65.

But the plaintiff is not without remedy for a fair compensation for putting up and running the engine, if the facts stated in his declaration be true. He cannot, however, declare on the covenant. See *Lomax* v. *Bailey*, *supra*.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. B. Howe*, for the plaintiff.

*W. H. Coombs*, for the defendant.