Perkins, J.
— “ It is not claimed that the payee of the note, W. % Swcetzcr, fulfilled the terms of the contract on which the note was ■ ,4 given having been prevented, not by the defendant below, but by ■ his own decease, which “occurred in April, 1843, several months be-9.'Tore the first instalment became due; and the only question in the m case, therefore, is, were the terms of the contract to be complied with u on, the part of Sirccize r. a condition precedent to his right to enforce a compliance on the part of Coe, the defendant below? For if so, there could not be a recovery of any amount on this note. This point of law, however technical or unreasonable it may seem, is too ■ well established to be disregarded. Milnes v. Vanhorn, 8 Blackf. 198; Lomax v. Bailey, 7 id. 599; Hoagland v. Moore, 2 id. 168; Alcorn v. Harmanson, id. 235; Cranmer v. Graham, 1 id. 406; Leonard v. Bates, 41 id. 172; Starke v. Parker, 2 Pick. 267; Moses v. Stephens, id. 332; Wellington v. West, 4 id. 101; Ellis v. Hamlin, 3 Taunt. 52. The i fact that the failure of compliance on the part of Sweetzcr was occasioned by the act of God, makes no difference. Chit. on Cont. 734. - We think a performance of his part of the contract by Sweetzcr, was fe- a condition precedent to his right to demand payment from Coe.” * * *
“ We may remark that we have nothing to do, in this suit! with the question of Coe’s liability on a quantum meruit, for,, the services that .Sweetzcr may have rendered him. We only heifp’decide that there can be no recovery on the express contract.”
Judgment reversed, &c.