*D. D. Pratt*, for the plaintiff.

---

## Coe v. Smith, Administrator.

Where an attorney at law engages to defend a cause for a specific sum, and dies before the cause is determined, his administrator may recover from the client, upon the *quantum meruit*, the amount which the intestate's services were really worth to him.

The recovery cannot, however, exceed the contract price, or the rate of it for the part of the service performed.

Where the general issue is in, and special pleas are filed which raise no point of which the defendant could not have availed himself under the general issue, the question whether the Circuit Court improperly set aside the special pleas, is an immaterial one.

ERROR to the *Marion* Circuit Court.

PERKINS, J.—Assumpsit by *Smith*, administrator of *Sweetser*, against *Coe*, for work and labor, &c., performed for the latter by *Sweetser*, in his lifetime.    The cause was tried by the Court upon the general issue, and a judgment was rendered for the plaintiff for 175 dollars.

Three special pleas were filed by the defendant and set aside by the Court on the motion of the plaintiff; but they raised no point in the defence of which the defendant could not have availed himself under the general issue, and the action of the Court in reference to them was, consequently, immaterial.

The facts in the case, shortly stated, are, that *Coe* employed *Sweetser*, a lawyer, to defend a suit at law for him, agreeing to pay him for so doing, 500 dollars.    *Sweetser*

labored in the defence for a time, but died before the suit was determined, and *Coe* employed another lawyer to continue the defence. This suit is by *Sweetser's* administrator against *Coe*, not upon the contract, but upon the *quantum meruit*, to recover from *Coe* the amount that *Sweetser's* services were worth to him. It is contended that the suit cannot be sustained because the contract for the service was entire, and the service has not been fully performed. There are numerous authorities that sustain this position. They decide that in the case of an entire contract, there can be no division or apportionment. *Cutter* v. *Powell*, in which the administrator of a sailor, who had contracted to perform a voyage for a certain sum, and died before its termination, was denied the right of recovering anything for the part performed, may be regarded as a leading case. *Kent*, vol. 3, p. 471, note, says, at common law, "if a servant was hired for the month or year, and the service ceased within the time, there was no apportionment of wages for the actual time of service, though the rule operated in some cases most unjustly."

In some courts, however, this doctrine seems to have been doubted, if not denied. *Kent*, to the observation above quoted, adds: "The old rule is now held to be relaxed, and wages, it is understood, may be apportioned, upon the principle that such is the reasonable construction of the contract of hiring. Lawrence J., 6 Term R. 326. *McClure* v. *Pyatt*, 4 McCord, 26.—*Bacot* v. *Parnell*, 2 Bailey S. C. R. 424." And Judge *Story*, in *Brooks* v. *Byam, et. al.*, 2 Story's R. 525, decided in 1843, seems to think the maritime law should have been applied to give a different decision in *Cutter* v. *Powell*. He says, "The case of *Cutter* v. *Powell*, (6 Term R. 320) is directly in point, although I entertain considerable doubt whether, by the maritime law, the contract in that case was not divisible."

But the present suit is not upon the special contract, and does not seek to recover the sum stipulated in it, or any apportionment of it, but is upon a common count in

assumpsit, for the purpose of recovering from *Coe* the reasonable worth of *Sweetser's* services to him, and rests on the principle, as laid down by Judge *Dewey* in *Lomax* v. *Bailey*, 7 Blackf. 599, "that where one party to a special entire contract has not complied with its terms, but professing to act under it, has done for or delivered to the other party something of value to him, which he has accepted, no action will lie on that contract for the work done or thing delivered; but that the party who has been thus benefited by the labor or property of the other, shall be responsible on an implied promise arising from the circumstances, to the extent of the value received by him."

This principle received the sanction of this Court in the case quoted from, in *Milnes* v. *Vanhorn*, 8 Blackf. 198, and in *McKinney* v. *Springer*, (1) *Epperley* v. *Bailey*, (2) and *Manville* v. *McCoy*, (3) *November* Term, 1851, and we adhere to the decisions in those cases. In *Fenton* v. *Clark*, 11 Vt. Rep. 557, it is decided that where *A.* contracted with *B.* to labor for him four months from a given day, at 10 dollars per month, and to receive no pay until he had worked the four months, and was prevented from completing the four months' labor by reason of sickness, he might recover upon a *quantum meruit*, for the services performed; and the case of *Britton* v. *Turner*, 6 N. H. Rep. 481, is cited with approbation. This decision the Supreme Court of *Vermont* reaffirms in *Seaver* v. *Morse*, 20 Vt. Rep. 620.

But it is urged in this case, that the doctrine laid down in *Lomax* v. *Bailey* can only be applied in cases where the benefited party, on the breach of the contract, wrongfully fails to restore to the other party what has been received under it, and thus to place him in *statu quo*, and that there can be no such wrongful failure in contracts for personal services, because the parties, in such cases, cannot be placed in *statu quo;* but the authorities will not justify such an idea, for it is not necessary to a recovery in any case, that there should be a wrongful refusal to restore to the party in default what has been received, and but few cases occur in which such restoration can

take place, and the party knows this fact while receiving the part performance. In a great majority of cases where there is a special entire contract for the delivery of articles of property, such as pork, hay, wood, &c., and in which actions are sustained, consumption, or a second sale, takes place as fast, or nearly so, as the delivery, and without the expectation that the contract is to be broken; so that it is out of the benefited party's power, and without fault on his part, when the breach does occur, to place the opposite party in the condition in which he was when he entered into the contract; but it is not out of his power to make compensation for what he cannot return. The case of *Lomax* v. *Bailey, supra,* where one party had furnished the materials, or a part of them, out of which the other had manufactured for him machines, was one in which the parties could not be placed in *statu quo.* It was not in the power of the receiver of the machines to restore to the mechanic his labor spent in making them. And it is this reception and enjoyment, with the known inability to make specific restoration, upon which an assumpsit is raised. The principle is general in its application; it is compensation for benefit received and enjoyed, and not the restoration of the specific article that must take place; and the doctrine of implying an assumpsit from circumstances, is not new to the law, but is a familiar one. If a man has in his hands the money of another which, in equity, he should pay to him, the law will imply an assumpsit to pay it; 2 Greenl. p. 87; and why not, if he has received benefit from the property or labor of another, which in equity he should pay for, imply an assumpsit to pay for it? He is to pay no more than the amount in which he has been benefited, and this will be determined by the jury, all things being considered; the manner of the breach of the contract, whether with or without cause; the inconvenience and damages resulting, &c.; and the amount recovered must, in no case, exceed the contract price, or the rate of it for the part of the contract performed. This, policy would not permit, lest a temptation should be held out to break contracts in an advanced

stage of performance, in hopes of higher compensation than might be stipulated for in the contract.

We think the suit in this case may be sustained.

The Circuit Court permitted witnesses on the trial to be asked the question generally, what were the services of *Sweetser*, rendered in the suit against *Coe*, worth? and it is contended here that the Court erred in so doing. It is insisted the question should have been, of what benefit were they to *Coe?* and undoubtedly this latter would have been a proper question; but as the Court, on the trial, also permitted this latter question to be asked, and the further question, what damage there was to *Coe* in *Sweetser's* failing to complete his contract, we think no harm was done in permitting the question objected to, to be asked. Indeed, we think it a proper question to be put in such a case by the plaintiff, as, *prima facie*, the benefit to the party receiving the services would be measured by their worth; and it would seem to be the appropriate business of the defendant to bring out the facts, in his examination, showing that such was not the fact in the particular case.

On the weight of evidence we cannot disturb the finding of the Court. (4)

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*H. C. Newcomb,* for the plaintiff.

*H. O'Neal,* for the defendant.

(1) 3 Ind. R. 59.—(2) Id. 72.—(3) Id. 148.—(4) This case overrules the doctrine laid down in *De Camp* v. *Stevens,* 4 Blackf. 24, as to the right of recovery upon the part performance of an entire contract for personal service.