## BROOKER *v.* HETZELGESSER.

PLEADING.—*Evidence.*—In a suit on a promissory note before a justice, where the general denial was waived, and it was answered that the note was given for a field of corn falsely and fraudulently represented by the payee of the note to contain twenty acres of good corn, fifteen acres being first quality and five acres soft, fair corn, which representations were relied upon by the defendant, whereas, in fact, but ten acres of said corn were of any value;

*Held,* that evidence that the payee of the note had gathered and removed ten acres of the corn without the defendant's knowledge, before the sale, was inadmissible under the answer.

APPEAL from the Marion Common Pleas.

DOWNEY, C. J.—Suit by the appellee against the appellant, commenced before a justice of the peace, on two promissory notes, executed by the defendant to one Wiggs, and by him indorsed to the plaintiff.

The answer of the defendant, in the first paragraph, waives the general denial put in by statute, and alleges that before the bringing of the suit he fully paid to the payee and assignor, Wiggs, the notes. For a second paragraph, he says that the notes were given for a certain field of corn, falsely and fraudulently represented by the payee to contain twenty acres of good corn, fifteen of which were falsely and fraudulently represented by said Wiggs to be first class and good corn, and five acres to be soft, fair corn; that defendant, relying on said representations so made by Wiggs, executed the notes to him; that there were but ten acres of said corn that was of any value whatever to this defendant; wherefore, &c.

The reply was the general denial. There was a trial by jury; verdict and judgment for the plaintiff; motion for a new trial overruled, and exception taken.

Several errors are assigned, but they are all embraced in the one that the court erred in refusing to grant the new trial asked.

The defendant offered to prove that prior to the sale of the corn to him, Wiggs had entered, gathered, and carried

away ten acres of the corn, which fact was unknown to the defendant when he purchased. This evidence was rejected by the court, because the same was not admissible under the pleading.

The court instructed the jury that the allegations of the second paragraph of the answer had no reference to the quantity of the corn, but only to its quality. We think these rulings were correct. The paragraph of the answer in question is not very perspicuous, but we understand it to allege only that there were but ten acres of the corn that was of any value to the defendant. This is not an allegation that there were but ten acres of the corn. Hence we think there was no question as to the quantity of corn. The evidence offered might have been given without any answer, under section 34, p. 585, 2 G. & H., had not the defendant expressly waived this right, which we suppose he had the power and right to do.

The court also charged the jury, that if the defendant had an opportunity to examine the corn and ascertain whether or not there was any defect in the quality of it, and he gathered, removed, and used it without making any complaint of its quality or notifying those from whom he bought it of any defect, the plaintiff would be entitled to recover.

The corn was sold and the notes executed on the 9th day of October, 1868, and this suit was not brought until September, 13th, 1869. The evidence given in the cause is not set out in the bill of exceptions. We cannot say that there was any error in giving this instruction.

The judgment is affirmed, with costs.

*D. V. Burns,* for appellant.