## HUNTER *v.* LEAVITT and Another.

PROMISSORY NOTE.—*Contract.*—*Defective Manufacture.*—*Waiver.*—*Settlement.* Suit on a promissory note. Answer, first, that the consideration of the note was the manufacturing by the plaintiff for the defendant, of fifty fanning mills after a certain pattern mill furnished by the defendant to the plaintiff, the defendant to furnish certain materials, which was done, and to pay ten dollars for each mill, and one hundred dollars and fifty cents was so paid; that the mills were to be constructed in a workmanlike manner, according to the model; that the plaintiff failed to construct the mills in a workmanlike manner and according to model, stating defects; that defendant owned the right to make and sell mills of that model in this State, and expended three hundred dollars in attempting to sell the mills so furnished by the plaintiff, but the imperfect construction destroyed the sale; that he had received on the contract twenty-three mills only, and had contracted for the sale of fourteen thereof, and was ready to return the remaining nine to the plaintiff, as they were worthless; that he has expended four hundred and fifty dollars in materials required to be furnished by him; and that the defective workmanship of the plaintiff had destroyed the sale of all mills of that model; otherwise he could have sold all contracted for and a much larger number at thirty-five dollars each; that the money expended in attempted sales and in material was lost, and the value of the patent destroyed, through the negligence of the plaintiff in the manufacture of the mills; wherefore he demanded judgment for fifteen hundred dollars.

The second paragraph of answer was a general denial, and the third want of consideration. The reply was, first a denial; and in the second paragraph, which was directed to the first and third paragraphs of answer, the plaintiff alleged that the mills were manufactured during the summer and fall of 1867, under the direction of A., the authorized agent of the defendant, who was satisfied with and received the mills, and sold twenty-three of them; and that afterward the defendant, after he had seen and examined them and knew the manner of the manufacture, executed the note in question in settlement of the contract. *Held,* that the second paragraph of reply was sufficient.

INSTRUCTION.—*Waiver of Defects.*—*Agent.*—The court, after instructing the jury that the reply was sufficient, proceeded: "If, therefore, you find from the evidence that the mills in question were built under the direction of the defendants's agent, and that said agent knew, or might have known, the character of the workmanship, and the conformity or non-conformity of said mills to the model, and received said mills for his principal, and sold part of them, and that defendant, after having seen and examined said mills, being fully advised as to the manner in which they were made, gave his note for the same, such acts of the principal and agent would be a waiver in law of any objection to the performance of said contract by the plaintiff." *Held,* that this instruction was correct.

SAME.—*Change of Contract.*—The court also charged the jury: "If you believe,

from the evidence that the defendant, through his agent, contracted with the plaintiff to construct fifty fanning mills, according to a model mill, each supplying part of the materials, and if you further find that said agent, in making said contract, stipulated with plaintiff to make certain changes in said manufactured machines, from the model mill, such acts would be within the scope of the agent's authority and binding upon the defendant; and if you find from the evidence that said agent, in contracting with the plaintiff for the construction of said mills, directed changes to be made from the model mill, the defendant would be concluded by the act of the agent, and liable to pay the contract price, if the plaintiff constructed said mills to correspond with the model, except as to changes made by the direction of the defendant's agent, if such changes were made to conform to the direction of the agent."

*Held*, that as, under the evidence, the charge, if technically wrong in the abstract, upon which point no opinion is expressed, could not have operated to the injury of the defendant, the judgment could not for such an error be reversed.

EVIDENCE.—*Declaration of Agent.*—On the trial, the plaintiff was permitted to state, that A., the agent, when he received the machines, declared "that he was satisfied, and that they were a smooth, nice job," evidence having been given of the acceptance by the defendant of the machines and the execution of the note by him afterwards.

*Held*, that there was sufficient foundation for the admission in evidence of said declaration of the agent.

SAME.—*Letter of Agent.*—The defendant offered a letter written by A. to him.

*Held*, that it was not proper evidence, as the agent could not make evidence for his principal; or if not acting as his agent, still he could not bind the plaintiff, no proof being shown that he acted for him.


APPEAL from the Ripley Circuit Court.

WORDEN, J.—Action by the appellees against the appellant upon a promissory note executed by the latter to the former.

The defendant answered in three paragraphs. The third paragraph, stating them in their inverse order, was want of consideration; the second, payment; and the first set up, by way of counter claim, in substance, the following facts: that the consideration of the note was the manufacturing by the plaintiffs, for the defendant, of fifty fanning mills, known as Griswold's patent, to be made after a certain pattern mill furnished by the defendant to the plaintiffs, the defendant to furnish the castings, wire cloth, zinc screens, and sheet iron for the drums therefor, which was done; that the amount to be paid therefor, by the defendant to the plaintiffs, was ten

dollars per mill, or five hundred dollars for the fifty mills; that the defendant paid on the contract one hundred dollars and fifty cents; that the plaintiffs were to construct, in a good and workmanlike manner, said mills, all complete and ready for sale, according to the model mill in every particular, and furnish all the materials except as above stated; that the plaintiffs failed to perform their contract, in this, that the mills were not constructed in a good and workmanlike manner and in accordance with the model mill, setting out specifically the alleged defects; that the defendant owned the right to make, sell, and use said patent fanning mill in the State of Indiana; and that he expended the sum of three hundred dollars in endeavoring to sell the mills constructed by the plaintiffs, in said county of Ripley; but that the defective construction thereof entirely destroyed the sale; that the defendant has received on said contract twenty-three mills only, and that he has sold and contracted for the sale of fourteen thereof, and has now nine of the mills on hand ready to surrender to the plaintiffs, as they are wholly worthless on account of the manner in which they are constructed, as aforesaid; that the defendant has expended four hundred and fifty dollars in purchasing castings, wire cloth, zinc screening, sheet iron for drums, for the construction of mills; and that on account of the defects aforesaid in the construction of the mills, the sale of the same has been entirely stopped, and the defendant cannot sell any mills whatever under his patent, as the imperfections of the mills constructed by the plaintiffs were generally known by the public; that if the mills had been constructed in a good and workmanlike manner, and in accordance with the model, the whole number of fifty mills and a much larger number could have been sold at thirty-five dollars per mill; that on account of the imperfect construction of the mills, the whole amount expended by the defendant in the purchase of material has been lost to him, as he has been compelled to entirely abandon the sale of the mills, for the reason mentioned, and the value of the patent has been entirely de-

stroyed, whereby the defendant has been damaged in the sum of fifteen hundred dollars, for which he demands judgment, and for other relief.

The plaintiffs replied to the entire answer by general denial thereof; and, secondly, to the first and third paragraphs as follows:

"And for further reply to the first and third paragraphs of defendant's answer, plaintiffs say that the mills for which said note was given were manufactured during the summer and fall of 1867, under the direction of one Caleb Amsden, who was then and there the authorized agent of said defendant; that said Amsden, as such agent, was satisfied with and received said mills, and sold twenty-three of them; and that afterward, to wit, on the — day of ———, 1868, the said defendant, Hunter, after he had seen and examined said mills, and well knowing the manner in which said mills had been manufactured, executed his said note for the said mills, in settlement of said claim; wherefore," etc.

To this paragraph of the replication the defendant demurred, but the demurrer was overruled, and he excepted.

Trial by jury; verdict and judgment for the plaintiffs; a new trial being denied to defendant, who excepted. Numerous errors are assigned, which need not be noticed in detail, except so far as the points arising under them are urged as ground of reversal. The most important question arising in the record is that presented by the ruling of the court on the demurrer to the second paragraph of the reply set out.

It will be observed that the first paragraph of the answer or counter claim alleges that the defendant only received twenty-three of the mills, but it does not allege that the plaintiffs were anywise in default in respect to the residue of the mills which were to have been manufactured, unless the pleading be open to the inference that the residue were duly constructed according to the agreement, except the defects alleged. This is, perhaps, the fair interpretation of the pleading, and is the most favorable one for the defendant,

inasmuch as otherwise the plaintiffs will not be charged with any default whatever in respect to the residue of the mills.

The reply alleges that the mills for which the note was given were manufactured under the direction of the defendant's agent, who was satisfied with, and received the same, and sold twenty-three of them, etc. This allegation, we think, fairly implies that the plaintiffs made all the mills stipulated for, and the following allegation as to the defendant having examined the mills, and his knowledge of the manner in which they had been made, and his giving the note therefor applies to all the mills, and not merely to the twenty-three which the defendant admits he received.

Do the facts set up in the reply preclude the defendant from objecting that the mills were not such as were stipulated for in the original contract?

We are not called upon to determine whether the mere acceptance of the mills, without objection, would thus preclude him, although he had examined them and knew the manner in which they had been constructed. The authorities upon this point, in this State, are apparently conflicting, and perhaps not easily reconciled. The cases of *Lomax* v. *Bailey*, 7 Blackf. 599; *Epperly* v. *Bailey*, 3 Ind. 72 ; *McKinney* v. *Springer*, 3 Ind. 59; and *Coe* v. *Smith*, 4 Ind. 79, cited by counsel for the appellant, go far toward establishing the doctrine that such acceptance would not preclude the defendant from setting up, by way of counter claim or otherwise, that the mills were not such as were contracted for. Perhaps there are other cases running through our reports falling within the general doctrine of those cases.

On the other hand, the cases of *Ricketts* v. *Hays*, 13 Ind. 181, and *McAroy* v. *Wright*, 25 Ind. 22, hold the contrary doctrine. See also the cases of *Everett* v. *Gray*, 1 Mass. 101, and *Wilkins* v. *Stevens*, 8 Vt. 214. We need not, in this opinion, adopt either line of the authorities to the exclusion of the other, or draw distinctions between the cases with a view to reconciling them.

There is another element entering into the transaction besides the acceptance of the mills by the agent of the defendant, which is, that some considerable time after the mills had been thus accepted, and after the defendant had seen and examined the mills, and well knowing the manner in which they had been constructed, he executed the note in settlement of the plaintiffs' claim therefor.

We think the facts alleged in the replication, taken altogether, show an acceptance by the defendant of the mills in full discharge of the plaintiffs' contract, and that any defects in mills were waived. The giving of the note in settlement of the claims, especially as the defendant had seen and examined the mills, and was apprised of the manner in which they had been constructed, was a clear waiver of any defect in them. *Swank* v. *Nichols' Adm'r,* 20 Ind. 198; same case, 24 Ind. 199; *The Evansville, etc., Railroad Co.* v. *Dunn,* 17 Ind. 603; *Brooker* v. *Hetzelgesser,* 35 Ind. 537. There is no fraud or deceit charged against the plaintiffs; and on the facts set up in the reply, we think it clear that the defendant has no ground of defense or counter claim, by reason of anything alleged in the first paragraph of his answer. The reply also shows a valuable consideration for the note, and hence, is sufficient replication to the third paragraph of the answer as well as the first.

There was no error in the ruling of the court on the demurrer to the reply in question.

The court, in its fifth charge to the jury, after stating the substance of the replication above set out, and that the court had held it to be good, proceeds as follows: "If, therefore, you find from the evidence that the mills in question were built under the direction of the defendant's agent, and that said agent knew, or might have known, the character of the workmanship, and the conformity or non-conformity of said mills to the model, and received said mills for his principal, and sold a part of them; and that the defendant, after having seen and examined said mills, being fully advised as to the manner in which they were made, gave his note

for the same, such acts of the principal and agent would be a waiver in law of any objection to the performance of said contract by the plaintiffs."

If we are right in the conclusion at which we have arrived, in respect to the validity of the replication, it follows that no error was committed in giving the charge in question.

The appellant excepted to the fourth charge of the court, which is as follows, viz.: "If you believe, from the evidence, that the defendant, Hunter, through Amsden, his agent, contracted with the plaintiffs to construct fifty fanning mills according to a model mill, each supplying a part of the materials, and, if you further find that said agent in making said contract, stipulated with plaintiffs to make certain changes in said manufactured machines from the model mill, such acts would be within the scope of the agent's authority, and binding upon Mr. Hunter; and if you find from the evidence that said agent, in contracting with the plaintiffs for the construction of said mills, directed changes to be made from the model mill, Hunter would be concluded by such act of his agent, and liable to pay the contract price, if the plaintiffs constructed said mills to correspond with the model, except as to changes made by the direction of the defendant's agent, if such changes are made to conform to the directions of the agent."

There is some conflict in the evidence in respect to the question whether Amsden was authorized by the defendant, in making the contract with the plaintiffs for the construction of the mills, to contract for the departure from the model furnished. The charge in question, if too broad as an abstract proposition, a point which we do not decide, was, as applied to the case, productive of no harm to the defendant. The evidence shows that after the defendant had received, and seen, and examined some of the mills, and knew the manner in which they had been constructed, he retained those that he had received, and gave the note in suit for what was due, as we infer, for the entire fifty mills. This was an adoption of the contract of his agent, whether

the agent had previously the authority to make it or not. Where there is a ratification of a part of the acts of the agent, it operates as a confirmation of the whole of that particular transaction of the agent. Story on Agency, section 250. Such adoptive authority relates back to the time of the original transaction, and is deemed in law the same, to all purposes, as if it had been given before. Dunlap's Paley, p. 171, note *o*; also, p. 324, note 1.

As, under the facts of this case, the charge given, if technically wrong in the abstract, could not have operated to the injury of the defendant, we cannot reverse the judgment on account of the charge, as a harmless error is no ground for reversal.

On the trial, Leavitt was permitted to testify that Amsden said, at the time he received the machines, "that he was satisfied, and that they were a smooth, nice job." This testimony was objected to, without showing an agency for the purpose of examining, inspecting, and receiving the mills, but the objection was overruled, and the defendant excepted. Without stopping to inquire whether the original authority conferred upon Amsden to make the contract for the construction of the mills did not authorize him to accept and receive them when constructed, we think the evidence already then before the jury obviated the objection to the testimony. The defendant had already testified as follows, among other things:

"I received twenty-three mills on this contract. I disposed of nineteen or twenty mills."

These mills, thus received by the defendant, seem to be the same mills that Amsden was satisfied with, and which he thought to be a nice, smooth job. Thus the defendant adopted and ratified the acceptance of the mills by Amsden, and this was equivalent to an original authority to accept and receive them.

The defendant, on the trial of the cause, offered in evidence a letter written by Amsden to himself. The letter was dated at the "office of R. Leavitt, Vernon, Indiana, July

26th, 1867," but it does not appear that the plaintiffs dictated the letter or were apprised of the contents thereof. If Amsden be regarded as the agent of the defendant, he could not, by a letter to his principal, make evidence for him; and if he be not regarded as such agent, his letter can be but the statement of a third party, which could in no way bind the plaintiffs. The letter was properly excluded.

We have thus examined all the grounds relied upon for a reversal of the judgment, and find no sufficient cause for reversal.

The judgment below is affirmed, with three per cent. damages and costs.

*E. P. Ferris* and *H. T. Lipperd,* for appellant.

*R. M. Goodwin, W. D. Ward,* and *J. O. Cravens,* for appellees.