# IN GENERAL TERM, 1873.

RICHARD M. COSBY v. JOHN W. ADAMS, Appellant.

CONTRACT—for building, interpretation of—work and material for, part performance of—possession under.

SPECIAL FINDING—

Where a written contract for building a house contained provisions that the work should be done according to the directions, and instructions of the architect, and that the last payment should only be due when the building was completed, according to the plans, and specifications, to the satisfaction of the owner of the building, and of the architect by him employed, and the production of a certificate from the architect to that effect; and further, that if any dispute arose in regard to the true meaning of the drawings, and specifications, or the agreement, or as to the quality of the work, or materials, it was to be decided by the architect, whose decision should be final,

*Held:* That the architect had authority to bind the owner of the building by directing such changes, or alterations as were found, in the progress of the work to be beneficial, or necessary.

*Held:* That the agreement to submit matters of dispute to the architect was binding upon the parties.

*Held:* That the owner of the building had a right to demand the certificate of the architect as evidence of the completion of the building, before making the final payment.

*Held:* That if the contractor applies to the architect for the certificate, and he obstinately, or unreasonably refuses to furnish the same, the contractor may establish his right to recover by other evidence.

*Held:* That the production of the certificate may also be waived by the owner of the building, or by mutual agreement of the parties, and such waiver may be shown by direct evidence, or it may be implied from the acts of the parties.

Cosby *v.* Adams.

Where the contractor sues in such case for work and labor done, and materials furnished in erecting the building, and not upon the special contract, if he makes out a case where he is entitled to recover, notwithstanding the written contract, which is set up in answer, the production of the certificate of the architect, or showing a demand, and refusal of the same, is not a pre-requisite to his recovery.

A part performance of that portion of the contract, dependent upon the production of the certificate of the architect, by the owner of the building without objection, or protest, tends to show a waiver of the production of the certificate.

Where it is shown that the owner of the building, while the work was in progress, accepted a portion of it by taking possession of, and occupying it, and afterwards took possession, and occupied the balance, thus deriving benefit from the labor of the contractor, he cannot refuse to pay the reasonable value of the labor done, and for the materials, though the written contract was not in all things complied with.

Where special findings of a jury, in answer to interrogatories, do not embrace all the issues, and other facts might have been found from the evidence that would sustain the verdict, a motion for judgment on such findings should be overruled.

*Gordon, Lamb & Browne, Bradbury & Bloomer*, for appellant.

*Taylor, Rand & Taylor*, for appellee.

BLAIR, J.—This is a suit by the plaintiff to recover for work and labor done, and materials furnished in erecting a dwelling house for the defendant, and to enforce a mechanic's lien.

The defendant answered in five paragraphs :

The first is a general denial.

The second alleges that the work was done, and materials furnished under a written contract, which is made a part of the answer, and that the defendant has paid all that was due the plaintiff by the terms of the contract; that the last payment was only due upon the completion of the building, according to the plans and specifications, to the satisfaction of the defendant and the architect, and the production of a certificate from the architect to that effect. The answer fur-

ther alleging that the building was not completed by the time agreed upon; that the plaintiff abandoned it in an unfinished condition, and has not procured, and cannot procure the certificate of the architect; and that the amount paid on the contract more than pays the plaintiff for the work done and material furnished.

The third paragraph is in the nature of a cross complaint, or counter claim, setting out the written contract as before. It is alleged that the work was to be done for $3,613 of which sum $1,913 was to be paid by the defendant on demand, and when the work was done according to the contract, and the certificate of the architect produced, a note on one Reed for $1,000, and $700 in cash was to be paid; and that the plaintiff has not complied with his contract by finishing the house within the time agreed upon; that it is not yet completed, but was abandoned by the plaintiff in an unfinished condition; that the work was not done in a workmanlike manner, nor to the satisfaction of the architect; that the defendant has paid the $1,913, and delivered the Reed note to the plaintiff, and has paid cash, and goods to the amount of $70.50, and for work done in completing the building $190.73, and that there yet remains certain work to be done, and changes made, to the value of $1,000, in order to complete the building according to the contract.

The fourth paragraph is a plea of payment.

The fifth is a set-off for goods, &c.

The plaintiff replied in seven paragraphs.

The first is a general denial of each paragraph of answer.

The second is to the second paragraph of answer, and avers that the written contract was departed from, and the plan of the house changed, and a large portion of work done was beyond the terms of the contract, all of which was with the knowledge, and consent of the defendant.

Cosby *v.* Adams.

The third reply is a general plea of performance of the written contract.

The fourth paragraph alleges that the specifications were not in existence at the time the written contract was made, but were prepared afterward, and were different from the work as represented to the plaintiff it was to be, at the time the contract was made.

The fifth is, that the indebtedness set up in the fifth paragraph of the answer has been paid.

The sixth is, that the delay in completing the building was occasioned by negligence of the defendant in delaying plans, and other work, and that the house was completed before suit was brought.

The seventh alleges that the architect refused to act as referee, and was so prejudiced against the defendant as to be unfit to act as umpire, and the plaintiff could not procure his certificate.

The written contract, which is made a part of the answers referring to it, contains the following provisions:

The defendant agrees to perform all the work " mentioned, and contained in the accompanying specifications, as modi-fied, and explained on pages 17 and 18, and which includes all carpenter work, lumber, hardware, tin-work, and roofing, and according to the drawings prepared, and referred to, and according to the directions, and instructions, and explanations of the architect employed by the said J. M. Adams, at, and for the sum $3,613," of which sum $1,193 is to be paid when demanded by the plaintiff Cosby; " and when the work is completed, and on the certificate of the architect, a note made by J. B. Earl Reed for $1,000, and seven hundred dollars in cash, shall be paid on final settlement."

The work to be completed in a workmanlike manner by the 12th of June, 1872, "to the entire satisfaction of the owner, and the architect employed by him, and in case of any dis-

pute arising in regard to the true meaning, or intent of the drawings, specifications, or this agreement, or in regard to the quality of work, or material used, or to be used in said contract, the same shall be decided by the architect, whose decision shall be binding, and conclusive between the parties."

The agreement concludes as follows : " For the faithful performance of all the articles, and agreements before mentioned, the said J. W. Adams, and R. M. Cosby, parties to the first, and second part as aforesaid, do hereby severally bind themselves, their executors, administrators and, assigns, each to the other, in the penal sum of $2,000, firmly by these presents."

Signed by,                                    J. W. Adams,
                                              R. M. Cosby.

The specifications and drawings are too lengthy for insertion here, and will only be referred to, as may be necessary, in passing upon the points in review.

The evidence both of the plaintiff and defendant shows that several items of extra work was done, and additional materials furnished by the plaintiff. The defendant Adams admits in his testimony that he authorized some items of this character. The evidence of the architect shows that other items were authorized by him, and the testimony of the plaintiff, and his witnesses, shows still other items. It is urged that the architect had no authority from the defendant to enlarge the contract by directing, or agreeing to extra work. The architect is shown by the contract to be in the employ of the defendant, and by the terms of the contract, the work was to be prepared, " according to the directions, and instructions, and explanations of the architect." In view of this clause in the written contract, the defendant cannot say that the architect had no authority to direct such changes, and alterations as were found to be necessary, or

beneficial in the progress of the work. This view is further strengthened by the fact that changes were made by the architect, to which the defendant either expressly assented, or acquiesced. In such case, how could the plaintiff know when the authority of the architect ceased, or how far it extended, unless notified by the defendant; and the evidence does not show that any such notice was given.

· The evidence is voluminous, and in many particulars contradictory.

It is urged that because the plaintiff never procured the certificate of the architect, or does not show that he demanded it, he cannot recover, and is not entitled to maintain the suit.

The jury, in answer to interrogatories, found that no such certificate had been furnished, or demanded by the plaintiff.

The evidence shows that during the progress of the work, trouble arose between the plaintiff, and the architect, and at one time it would seem that work was suspended on that account. The character of the trouble, and cause of the suspension does not appear from the evidence.

The plaintiff, defendant, and the architect, met at the office of the latter; and it was there agreed that the work should again proceed under the care of a Mr. Parks, as superintendent, in the employ of the plaintiff. Under this agreement the work proceeded.

That disputes arose about the work, &c., is evident from the testimony; but there is no evidence pointing out any special matters of dispute, that were ever decided by the architect, or that was referred to him for decision under the terms of the contract. It is not shown that either party refused to abide by the decision of any matter submitted, or referred to the architect, or that either party refused to submit any matter of dispute to the architect.

The trouble between the architect, and the plaintiff was evidently of such a character, that there was no good feeling on the part of either toward the other; and there is evidence

tending to show that the architect did not want the plaintiff to come about the building, and they did not on any occasion seek each other's company. That there was one mistake in the plans, or specifications, that caused extra labor on the part of the plaintiff, is admitted by the architect, who attempted to excuse himself by saying it was a mistake of his clerk. That there was fault on both sides, is perhaps true.

On the final certificate of the architect, the note on Reed, and cash in the sum of $700, was to be paid to the plaintiff.

The authorities cited by the defendant show that the agreement made by the parties was one which was binding upon them, and the defendant had a right to demand as evidence of the completion of the work, the certificate of the architect. *Smith* v. *Brady,* 17 *N. Y.,* 173; *The United States* v. *Robeson,* 9 *Peters,* 319.

These cases however show, and the rule is, that if application is made to the architect for the certificate, and he absolutely, or unreasonably refuses to certify, the plaintiff may establish his right to recover by other evidence. It is a condition that may also be waived by the party for whose benefit it was made, or by the mutual agreement of the parties. This may be shown by direct evidence of such agreement, or waiver, or may be implied from the acts of the parties.

There is no evidence showing such an agreement of the parties. Nor is there any evidence showing a demand on the part of the plaintiff for the certificate. The architect says if demand had been made he would not have given it. A demand would therefore have been useless. The defendant therefore lost nothing by the failure on the part of the plaintiff to make a demand, and has shown by his own witnesses, that a demand would not have led to a settlement of the matters of account, and the plaintiff has therefore sought to establish his claim by evidence other than by the certificate of the architect. As the complaint is upon a common count

for labor done, and materials furnished, and not upon a special contract, if the plaintiff made out a case where he is entitled to recover on the complaint, notwithstanding the written contract set up in answer, the production of the certificate of the architect, or showing a demand for it and a refusal, is not a prerequisite to his recovery. The whole question was submitted to the jury, under the issues joined by the parties.

The evidence shows that the defendant took possession of a part of the house before the other portions were completed, and there is also evidence tending to show that in consideration of getting possession of a part of it, the defendant gave the plaintiff further time to complete the other portions. The evidence does not show when the other portions of the house was occupied, or taken possession of by the defendant.

The evidence further shows that the note of Reed for $1,000 was delivered to the plaintiff; but the time when, is not disclosed. By the terms of the agreement the defendant was under no obligation to deliver it until the certificate of the architect was produced. The evidence does not show that there was any claim made by the defendant at the time the note was delivered, that the contract was not performed, or any declaration on his part that he would withhold the payment of the $700, on account of the certificate not having been furnished. Here, then, was a part performance by the defendant of that portion of the contract dependent upon the production of the certificate, without any objection, or protest, and this would tend to show a waiver of the production of the certificate.

We will consider in this connection the third instruction asked by the defendant, which was refused by the Court. This instruction, after reciting the terms of the contract, is as follows: " Upon this written contract I instruct you that in order to maintain this action, it was necessary for the

Cosby *v.* Adams.

plaintiff to complete the work according to the terms of the contract, and procure from the architect a certificate that the work was completed to his (the architect's) acceptance. But if the plaintiff completed the work according to the contract, and applied to the architect for a certificate, and the architect wrongfully, or fraudulently withheld the certificate, then it would not be necessary to the maintenance of this action."

This embodied the theory of the defendant, and professes to cover the entire right of the plaintiff to recover. The action, as before stated, is upon a common count on work and labor, and materials furnished.

There was evidence tending to show that the workmanship was not good, and was not in accordance with the specifications. This was met by other evidence tending to show that the work was well done, and specifications complied with.

That there was extra work done is clear, but as to the amount, and value of it, the evidence is quite contradictory. There was also evidence tending to show that some work was left undone.

Again, the evidence showed, as before stated, that the defendant while the work was in progress, accepted a portion of it by taking possession of, and moving into a part of the house, and afterwards he took possession of the balance, thus deriving benefit from the labor of the plaintiff. In such case, he could not refuse to pay the value of the plaintiff's labor, and materials furnished, though the written contract was not in all things complied with. *Wolcott* v. *Yeager, et al.*, 11 *Ind.*, 84; *Kerstetter* v. *Raymond*, 10 *Ind.*, 199; *McClure and others* v. *Secrest*, 5 *Ind.*, 31; *Wheatley* v. *Miscal, Ib.*, 143; *Persons* v. *McKibben, Ib.*, 26; *Coe* v. *Smith,* 4 *Ind.*, 79; *Major et al.* v. *McLester, Ib.*, 591; *McKinney* v. *Springer*, 3 *Ind.*, 59; *Lomax* v. *Bailey*, 7 *Blackf.*, 599.

This right of the plaintiff to recover, if he accepted the

Cosby *v.* Adams.

work, though it was not done in accordance with the written contract, is entirely ignored by the instructions asked by the defendant; and it was, therefore, rightly refused.

The first, and second instructions given by the Court, we believe to contain correct statements of the law applicable to the issues, and the evidence.  These instructions left the question of the waiver of the certificate of the architect, the acceptance of the building, and work of the plaintiff, by the defendant, as well as whether the certificate was unreasonably refused, to be determined from the evidence as questions of fact.  They also covered the questions presented about extra work, failure to complete the house in the time agreed upon, and damages to the defendant on account of all alleged failures, on the part of the plaintiff, to comply with the contract.

The Court cannot disturb the finding of the jury upon these questions, nor can we say, from the evidence, that the evidence that the damages are excessive.

The special findings of the jury in answer to interrogatories, do not embrace any questions relating to the acceptance of the building by the defendant, or any waiver on the part of the defendant, or unreasonably withholding of the certificate of the architect; and hence, as they do not cover all the issues, and other facts might have been found from the evidence that would sustain the verdict, the motion for judgment on the special finding was rightly overruled.

The judgment is, therefore, affirmed.