## HARTUPEE v. CRAWFORD.

(Circuit Court, S. D. Ohio, W. D. June 1, 1893.)

No. 4,529.

1. CONTRACTS—CONSTRUCTION—PROFESSIONAL SERVICES.

Defendant contracted to pay to plaintiff's intestate, in consideration of professional services to be rendered by him in the common pleas, probate, circuit, and supreme courts of Ohio in and about a certain partition suit, one-third of all the fees that defendant should receive as counsel for certain of the parties. Defendant's fees, under the agreement between him and his clients, were contingent upon their success in the suit. The suit was tried in the common pleas, resulting in a judgment for a few of defendant's clients. The intestate then died, and the case was appealed to the circuit court. *Held,* that the contract is an entirety, and there could be no recovery thereunder, as the intestate did not complete the services to be rendered.

2. SAME—EQUITY JURISDICTION—QUANTUM MERUIT.

It follows that a bill in equity, founded upon the contract for an accounting, must be dismissed without regard to plaintiff's right to recover on a quantum meruit for his intestate's services, for the only ground of equitable jurisdiction in the case is the lien which was claimed for defendant's fees, and which must fail if the recovery is not to be under the contract itself.

3. SAME—BENEFITS—REMOTENESS.

Where the bill fails to show that defendant had received any fees in the partition suit, and hence was benefited by the services rendered by intestate, the claim that he was benefited by the use of the points and arguments therein in another suit involving the same land, in which his clients were successful, is a consideration altogether too remote.

In Equity. Suit by Elizabeth Hartupee, administratrix of the estate of T. A. O'Connor, against Samuel T. Crawford. Bill dismissed.

Charles W. Baker, for complainant.
Samuel T. Crawford, in pro. per.

SAGE, District Judge. This is a suit to enforce a lien and for an account, under a contract made by and between T. A. O'Connor, complainant's intestate, and the respondent, whereby, in consideration of the professional services rendered and to be rendered by Judge O'Connor in the common pleas court, probate court, circuit court, and the supreme court of Ohio, in the action of Robert Barr v. Jane Chapman et al., in partition, then pending in the court of common pleas of Hamilton county, Ohio, the respondent, who was counsel for certain of the parties to said suit, promised to pay for said professional services one-third of all fees which he should receive under his contracts in said action, and also one-third of all the fees which he should "receive from said heirs and devisees, parties to said action, where no express contract has been made by him with them." This contract is in writing, and is dated June 1, 1884. The contract contains no stipulation on the part of O'Connor to render any services whatever. The bill sets forth that the respondent had contracts with parties to said action to render professional services therein, for which he was to receive a per centum of the amount which might be recovered, either in land or money, if the claims of said parties to interests in said lands should be established. All these contracts were contingent upon success. The action which is named in the contract was tried in the court of common pleas. The result was a judgment against most of the respondent's clients, but in favor of a few of them. Before any further proceedings, the death of Judge O'Connor occurred, on the 25th of May, 1888. About a year after his death the case was taken to the circuit court, where it is still pending. On the 4th of December, 1886, a petition for the partition of the same land that was involved in the case of Robert Barr v. Jane Chapman was filed in the superior court of Cincinnati on behalf of Sarah E. McClaskey et al. against all the respondent's clients, and all the parties in possession of the land. The plaintiffs in that action claimed one-fifth of the entire tract. That case was removed to the circuit court of the United States in the early part of 1887, and the litigation concerning the whole matter has since that time been conducted in that case, and, so far as the respondent's clients are concerned, by respondent himself. The result has been the recognition of the claims of the respondent's clients, and a decree for partition. The bill avers that the respondent is insolvent, and that the complainant has a lien upon respondent's fees, and is entitled to an account, which is prayed for.

The contract is an entirety. There can be no decree in favor of the complainant, for the reason that by the death of Judge O'Connor without having completed the services for which he was

to be compensated, a recovery upon the contract is precluded. The only recovery that is possible, if, indeed, that can be had, would be upon a quantum meruit. But this suit is necessarily upon the contract, and the jurisdiction in equity could not be maintained but for the averment of a lien under the contract, and a right to an account of the fees in which Judge O'Connor was to share. I do not see how there can be any recovery upon the contract on the theory stated by counsel for the complainant that the respondent was to pay to Judge O'Connor one-third of all the fees received, not only in the case named in the contract, but from "any other case, or anywhere, or anyhow," from the heirs and devisees who were parties to that action, and who were clients of the respondent. The difficulty with this theory is the want of mutuality in the contract, so far as it was executory. Judge O'Connor did not agree to render any services, and therefore the agreement to pay him could not be binding, excepting so far as the contract was actually performed; that is to say, to the extent to which he had, before the making of the contract, rendered services, and to the extent to which he afterwards rendered services that were beneficial to the respondent. Whether, in an action at law upon a quantum meruit for the value of those services, any recovery can be had, is not a question involved in this case. Recoveries under such circumstances have been allowed upon proof of the acceptance of the services, and that they were beneficial to the party receiving them. In the case of Coe v. Smith, 4 Ind. 79, which is cited for the complainant, an attorney at law had been engaged to defend a case for a specific sum, and died before the case was determined. It was held that his administrator could recover from the client, upon a quantum meruit, the amount which the intestate's services were really worth to him; not, however, exceeding the contract price, or the rate of it for the part of the services performed. The action was not upon the contract, but upon a common count in assumpsit, and the court said that it rested on the principle laid down in Lomax v. Bailey, 7 Blackf. 599, and in other cases cited to the same point, and approved by the court. In Lomax v. Bailey the court said "that, where one party to a special, entire contract has not complied with its terms, but, professing to act under it, has done for or delivered to the other party something of value to him, which he has accepted, no action will lie on that contract for the work done or thing delivered; but that the party who has been thus benefited by the labor or property of the other shall be responsible on an implied assumpsit arising from the circumstances, to the extent of the value received by him." The contract in this case manifestly refers to services to be performed in the case of Barr v. Chapman in the common pleas court and the appellate courts. If this court had any jurisdiction over an inquiry into the actual value of the services rendered, it is difficult to see that there would be any basis for a recovery on the ground mentioned, for it does not appear that any fees have been received by the respondent from any of those of his clients who were successful in the court of common pleas, and therefore it

does not appear that the respondent has been benefited to any extent by the services rendered by Judge O'Connor. The claim was made in argument that the respondent had benefited in the case of McClaskey v. Barr by the use of the points and arguments made by Judge O'Connor in the case of Barr v. Chapman, but that is a consideration altogether too remote. The benefit must have been in respect to the subject-matter of the employment, and is not to be ascertained by inquiry into any and every benefit which might have been derived in other cases. The expenses of another case, in another court, where every question would have to be presented and considered de novo, would not be appreciably lessened, nor would the fees of counsel, by reason of services in the former case, be reduced, to any considerable extent. Certainly every point in the case of McClaskey v. Barr, in this court, (50 Fed. Rep. 712,) which has been in progress about six years, has been contested as thoroughly as though the questions involved had not been considered in Chapman v. Barr, and no brief on either side in that case has, so far as the court has been advised, been used in this court. However this may be, we have now to deal only with the equities of the complainant under the contract, and I am unable to see that there is any equity in the complainant's claim. There is no right to an account, nor to a share of the fees, excepting under the contract, and for the reasons above stated no case has been made out under the contract.

The bill will be dismissed at the costs of the complainant.